**NORTHEASTERN PENNSYLVANIA NATIONAL BANK & TRUST CO., Executor Under the Will of Clarence C. Young, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 7993.

United States District Court
M. D. Pennsylvania.

Sept. 30, 1964.

Alex Marcus, Donald Fendrick, Scranton, Pa., for plaintiff.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Robert A. Sama, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

NEALON, District Judge.

This case is before the Court on motions for summary judgment by both plaintiff, Northeastern Pennsylvania National Bank & Trust Company, Executor under the Will of Clarence C. Young, and defendant, United States of America. The pivotal issue centers around plaintiff's entitlement to claim a marital deduction as a result of a testamentary trust.

In the instant case, Clarence C. Young, the decedent, died testate on May 3, 1958, survived by his wife and four children. In the Will, plaintiff, Northeastern Pennsylvania National Bank & Trust Company, was named Executor and Trustee of the estate. Item 6 of the decedent's last Will and Testament provided as follows:

"ITEM 6. I give, devise and bequeath one-half (½) of all the rest, residue and remainder of my estate,

whatsoever and wheresoever the same may be, both real and personal, to which I may be entitled, or which I may have power to dispose of at the time of my death, unto my Trustee hereinafter named and designated, to have and to hold the same in trust, nevertheless, as hereinafter provided.

"(a) I direct my Trustee to pay out of the said income and corpus of the said estate unto my wife, Beatrice O. Young, the sum of Three Hundred Dollars ($300.00) per month for and during the period until my youngest child reaches the age of eighteen years, and thereafter I direct my Trustee to pay to my wife, Beatrice O. Young, the sum of Three Hundred Fifty Dollars ($350.00) per month for and during the rest of her natural life.

"(b) If my wife survives me, she shall have the power, exercisable by Will, to appoint to her estate or to others, any or all of the principal remaining at the time of her death. If my wife fails to appoint the entire principal to her estate or to others as above mentioned, then upon her death (or if she predeceases me, then upon my death) any principal remaining at that time shall be paid over to my children on the same terms and conditions as under Item 7 of this my Will."

The value of the testamentary residuary trust passing under Item 6 of his Will was $69,245.85, which was listed on the estate tax return by plaintiff as qualifying for the marital deduction pursuant to Section 2056 of the Internal Revenue Code of 1954. The value of the testamentary residuary trust and the property passing outside of the Will to the surviving spouse equalled $110,496.87. The plaintiff claimed a marital deduction in the amount of $99,874.98, constituting one-half of the adjusted gross estate as shown on the return. During the examination, the parties agreed to inclusion of Five Hundred ($500.00) Dollars as the value of household and personal effects specifically devised to the surviving spouse. Subsequently, the government eliminated the full value of the testamentary residuary trust from the marital deduction and thus decreased the amount of the allowable marital deduction to $41,751.02.

The government contends that plaintiff (a) does not qualify for the marital deduction because the surviving spouse is not entitled to all of the income from the entire interest [1] and (b) cannot fit within the definition of a specific portion because Section 20.2056(b)–5 of the Treasury Regulations on Estate Tax requires that in order to qualify as a specific portion, the surviving spouse's rights in income must be a fractional or percentile share and not a fixed amount as is present in this case.[2] Plaintiff disputes de-

1. Section 2056(b) (5), Internal Revenue Code of 1954, 26 U.S.C. § 2056

"(5) *Life estate with power of appointment in surviving spouse.*—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse * * *."

2. Treasury Regulations on Estate Tax (1954 Code). Sec. 20.2056(b)–5. Marital Deduction; Life Estate with Power of Appointment in Surviving Spouse.

"(c) *Definition of 'specific portion'.* A partial interest in property is not treated as a specific portion of the entire interest unless the rights of the surviving spouse in income and as to the power constitute a fractional or percentile share of a property interest so that such interest or share in the surviving spouse reflects its proportionate share of the increment or decline in the whole of the property interest to which the income

fendant's reasons, asserting that the Trust provision establishing a set monthly payment to the surviving spouse did not prevent the property from qualifying as passing to her as she alone received the income payments and she was given the sole right at her death to appoint the then principal under a general power of appointment and, further, assuming that the monthly payments to the surviving spouse do not constitute all the net income of the testamentary residuary trust, the plaintiff should, nevertheless, be entitled to take as a marital deduction the value of the specific portion to which the surviving spouse is entitled, as may be computed actuarialy.

The marital deduction was first introduced into the estate tax law as Section 361 of The Revenue Act of 1948, 62 Stat. 110, which amended Section 812(e) of the Internal Revenue Code of 1939. The legislative history of the marital deduction and its revelation of Congressional intent was reviewed by Mr. Justice Goldberg in United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed.2d 195 (1963), as follows:

"Our conclusion concerning the congressionally intended result under § 812(e) (1) accords with the general purpose of Congress in creating the marital deduction. The 1948 tax amendments were intended to equalize the effect of the estate taxes in community property and common-law jurisdictions. Under a community property system, such as that in Texas, the spouse receives outright ownership of one-half of the community property and only the other one-half is included in the decedent's estate. To equalize the incidence of progressively scaled es-

tate taxes and to adhere to the patterns of state law, the marital deduction permits a deceased spouse, subject to certain requirements, to transfer free of taxes one-half of the non-community property to the surviving spouse. Although applicable to separately held property in a community property state, the primary thrust of this is to extend to taxpayers in common-law States the advantages of 'estate splitting' otherwise available only in community property States. The purpose, however, is only to permit a married couple's property to be taxed in two stages and not to allow a tax-exempt transfer of wealth into succeeding generations. Thus the marital deduction is generally restricted to the transfer of property interests that will be includible in the surviving spouse's gross estate."

The Act of 1948 also provided that an interest in property passing from the decedent in trust under which the surviving spouse is entitled to all of the income for life, payable at least annually, with power in the surviving spouse to appoint the entire trust corpus, would qualify for the deduction. The Act provided further that certain interests passing to the surviving spouse which would "terminate" upon a lapse of time or the occurrence or non-occurrence of an event or contingency would not qualify for the deduction. However, the legislation failed to provide for the situation in which the surviving spouse received an interest not in trust or received less than all of the trust income or the power to appoint less than all of the trust property. To remedy this situation, Section 2056 (b) (5) of the Internal Revenue Code of

rights and the power relate. Thus, if the right of the spouse to income and the power extend to one-half or a specified percentage of the property, or the equivalent, the interest is considered as a specific portion. On the other hand, if the annual income of the spouse is limited to a specific sum, or if she has a power to appoint only a specific sum out of a larger fund, the interest is not a deducti-

ble interest. Even though the rights in the surviving spouse may not be expressed in terms of a definite fraction or percentage, a deduction may be allowable if it is shown that the effect of local law is to give the spouse rights which are identical to those she would have acquired if the size of the share had been expressed in terms of a definite fraction of percentage * * *."

1954 (see footnote 1) was enacted and provides, in part, that a life estate with power of appointment can qualify for the marital deduction to the extent that the surviving spouse is entitled for life to all of the income from a specific portion thereof with power in the surviving spouse to appoint such specific portion. While the Code itself provides no definition of the term "specific portion", Section 20.2056(b)–5(c) of the Treasury Regulations on Estate Tax (see footnote 2) defines a specific portion as a fractional or percentile share of a property interest. The government asserts that such a definition is consistent with the example of a specific portion found in the committee reports to the 1954 Code.[3] Accordingly, the government concludes that plaintiff is not entitled to claim a marital deduction either (a) as to the value of the entire corpus under the testamentary residuary trust, inasmuch as the surviving spouse is not entitled to all of the income during her life, or (b) as to the alleged specific portion to which the surviving spouse may be entitled, as may be computed actuarially, because the surviving spouse is to receive a fixed amount of income per month and not a fractional or percentile share of income.[4]

■■ As to argument (a), defendant contends that the Committee Reports accompanying the Revenue Act of 1948 make it clear that a trust will not qualify for the marital deduction if the income is required to be accumulated or may, in the discretion of the trustee, be accumulated.[5] In essence, the language from the Committee Reports was incorporated into Section 20.2056(b)–5(f)(7) of the Treasury Regulations on Estate Tax. Notwithstanding the fact that the corpus has been unable up to this time to produce income of $300 per month, it would appear that plaintiff is not entitled to take as a marital deduction the value of the property passing to the decedent's surviving spouse under the testamentary residuary trust. Under the terms of the decedent's Will, income from the trust could have exceeded $300 per month and the surplus would then be required to be accumulated. This would run contrary to Congressional intent as expressed in the Committee Reports and could have denied the surviving spouse the full enjoyment as virtual owner of the property. By way of example, a testator could create a testamentary trust with a corpus of One Million Dollars and

3. The Congressional reports state (H.Rep. No. 1337, 83d Cong., 2d Sess., pp. 92, A319 (3 U.S.C.Code Cong. & Adm.News (1954) 4017, 4119, 4462); S.Rep. No. 1622, 83d Cong., 2d Sess., pp. 125, 475 (3 U.S.C.Code Cong. & Adm.News (1954) 4621, 4759, 5119):

"The bill makes it clear that property in a legal life estate as well as property in trust qualifies for the marital deduction and that a right to income plus a general power of appointment over only an undivided part of the property will qualify that part of the property for the marital deduction. * * *

* * * * *

"For example, if the decedent in his will provided for the creation of a trust under the terms of which the income from one-half of the trust property is payable to his surviving spouse with uncontrolled power in the spouse to appoint all or such one-half of the trust property by will, such interest will qualify as an exception from the terminable interest rule."

4. Neither side challenges the fact that by utilizing United States Life Table 38, with interest at 3½ per cent, the present worth of the right to receive $300 per month for the life of a person aged forty-two, which was the surviving spouse's age at the time of decedent's death, is $300 x 12 x 17.3911 x 1.0159 (factor for monthly payments) or $63,663.43. Of course, the government contests the right of the plaintiff to utilize any actuarial computations.

5. See S.Rep. No. 1013, Part 2, 80th Cong., 2d Sess., p. 17 (1948–1 Cum.Bull. 285, 342–343), U.S.Code Cong.Service 1948, p. 1239: "(3) The surviving spouse must be entitled to the income from the corpus of the trust annually, or at more frequent intervals. This requirement disqualifies any trust the income of which is required to be accumulated or may, in the discretion of the trustee, be accumulated."

provide income of $100 per month to the surviving spouse with no income entitlement to anyone else. Consequently, no one else would share in the income, but there would necessarily have to be an accumulation which would most certainly deny the surviving spouse of her full enjoyment as virtual owner of the property. Hence the need for a determination as to what the terms of the trust instrument could produce and not what ultimately occurs. "We cannot wait, like 'Monday morning quarterbacks,' to see what actually happened but must concern ourselves to what *could* have happened. * * * " Bookwalter v. Lamar, 323 F.2d 664 (8th Cir. 1963). It must be remembered that a taxpayer seeking the benefit of a deduction must show that every condition has been fully satisfied which Congress has seen fit to impose. Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; New Colonial Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. Congress has made it a condition to marital deduction entitlement for the entire corpus, that the surviving spouse be entitled to all of the income from the trust. The terms of the trust instrument provide for the payment of $300 per month, which does not require that the surviving spouse receive all of the income annually. Consequently, plaintiff is not entitled to take as a marital deduction the value of the property passing to the decedent's surviving spouse under the testamentary residuary trust.

As to plaintiff's alternative position, i. e., that plaintiff should be entitled to take as a marital deduction the value of the specific portion to which the surviving spouse is entitled, as may be computed actuarially, a different result may be warranted. In other words, plaintiff asserts that the surviving spouse is absolutely entitled to $300 per month and if this amount is construed to represent income from corpus, then by actuarial computation, the amount of corpus that would yield this income can be ascertained and should be treated as qualifying as a specific portion for marital deduction purposes.

The government makes much of the argument that Section 20.2056(b)–5(c) of the Estate Tax Regulations is consistent with the statute and must be followed. This regulation provides that in order to be treated as a specific portion, the rights of the surviving spouse in income and as to the power must constitute a fractional or percentile share and if the annual income of the spouse is limited to a specific sum, then the interest is not a deductible interest. The underlying reason for this regulation, according to the government, is that the interest or share in the surviving spouse must "reflect its proportionate share of the increment or decline in the whole of the property interest to which the income rights and the power relate." That is, that both the government and the surviving spouse share equally in the risk of the property decreasing in value (and thus the ultimate tax decreasing) and of the property increasing in value (and thus the ultimate tax increasing). This argument was rejected by the Court of Appeals for the Second Circuit in Gelb v. Commissioner of Internal Revenue, 298 F.2d 544 (1962). In that case, the widow, under the residuary trust was entitled to at least $10,000.00 a year; principal to be invaded if necessary. The widow was given the power to appoint the principal by will. The trustees, the widow and her son, had the discretion to advance from the corpus, an amount not in excess of $5,000.00 a year for the support and education of the youngest daughter. The Court held that the entire trust property did not qualify for the marital deduction, but that the capitalized value of $5,000.00 per annum [6] could be carved out of the corpus and that the corpus, as diminished, would qualify for the marital deduction.

6. This would be accomplished by multiplying the present value of $5,000.00 by the joint life expectancy of the widow (Rose) and the youngest daughter (Claire).

"The Commissioner does not argue that the divergence between the extent of Rose's (the widow) right to income and her power to appoint prevents her interest from constituting a 'specific portion.' * * * The Commissioner's argument is rather that here even the smaller portion, that over which the right to appoint corpus extends, does not qualify because it is not the 'fractional or percentile share' demanded by the Regulations * * *."

" * * * True, when the power is to draw a specific dollar amount the spouse bears no risk of change in the value of the corpus, unless, indeed, it shrinks below the dollar figure; and when the power is over all the corpus except a named dollar amount, the spouse is saddled with a disproportionate risk. However, Congress spoke of a 'specific portion,' not of a 'fractional or percentile share,' and nowhere indicated any policy that deductibility of a 'specific portion' should be governed by the possibility that the spouse's portion will change in value relatively more or less than the clearly nonqualifying part. Neither has the Commissioner given us any reason why this should be so. A basic purpose of the marital deduction was to reduce the discrimination against taxpayers not in community property states, S.Rep.No.1013, 80th Cong., 2d Sess., in 1948–1 C.B. at pp. 305–306; see Commissioner of Internal Revenue v. Estate of Ellis [58–1 USTC 11,746], 252 F.2d 109, 112 (3 Cir. 1958). The liberalization in the provision as to trusts, made in the 1954 Code and applied to earlier years by the Technical Amendments Act, was evidently designed to permit certain normal testamentary dispositions without the total forfeiture of the deduction that the 1939 Code had occasioned in some instances. That Congress gave a fractional interest as an example of a 'specific portion' does not warrant a construction that Congress did not mean to include other instances fairly within the language and the underlying policy. We disapprove Regulations 105, § 81.47a(c) (3) [1954 Code—Regs. § 20.2056(b)–5(c)] insofar as it would limit a 'specific portion' to 'a fractional or percentile share.' "

"However, the taxpayers here encounter an added difficulty. Rose's qualifying power was not over the entire corpus less a sum described in dollars, but over all less a sum which can at best be estimated by actuarial calculations. It is surely arguable that in the latter case the power is not exercisable over a 'specific portion' even though in the former it is —the joint lives of Rose and Claire might differ substantially from their actuarial expectancy. Yet the use of actuarial tables for dealing with estate tax problems has been so widespread and of such long standing that we cannot assume Congress would have balked at it here; the United States is in business with enough different taxpayers so that the law of averages has ample opportunity to work."

It is true that in Gelb the surviving spouse was entitled to all the income, although her power of appointment over the corpus was reduced by the amount needed for her daughter's education. However, the principle enunciated in Gelb has similar application here where the surviving spouse's entitlement to income was confined to $300, although she retained full power of appointment over the entire corpus. The actuarial computation mentioned and approved in Gelb can be just as feasibly applied here. While I recognize that administrative interpretation is entitled to great weight, I agree with the reasoning in Gelb that the Congressional " * * * example of a 'specific portion' does not warrant a construction that Congress did not mean to include other instances fairly within the language and the underlying policy."

Applying the actuarial computation described in footnote 4, and adding this sum of $63,663.43 to the $41,751.02 marital deduction heretofore allowed by defendant, a total of $105,414.45 is reached, which exceeds the $99,874.98 marital deduction claimed by plaintiff in the estate tax return. Consequently, plaintiff is entitled to the full marital deduction of $99,874.98 and judgment will be entered for $17,574.45, representing the tax unlawfully collected by defendant when the specific portion of the testamentary residuary trust was erroneously disallowed.