250 F.Supp. 155 (1965)
Warren W. ALLEN, Trustee under Will of George A. Bass, deceased, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 64 C 402(2).
United States District Court E. D. Missouri, E. D.
October 29, 1965.
McDonald, Wright & Bryan, Henry C. Bryan, Jr., St. Louis, Mo., for plaintiff.
John A. Newton, Asst. U. S. Atty., St. Louis, Mo., John M. Bray, Jerome Fink, Attys., Dept. of Justice, Washington, D. C., for defendant.
*156 MEREDITH, District Judge.
This matter was tried to the Court on a stipulation of facts and is an action for recovery of $1,360 in principal, together with interest thereon, of federal estate tax alleged to be erroneously assessed on the plaintiff and collected by the defendant.
This Court has jurisdiction under 28 U.S.C. § 1346. George A. Bass died testate on October 15, 1959. Plaintiff was executor of his estate and the will provided in part as follows:
"THIRD: If my wife, Zitella E. Bass, shall survive me, I give, bequeath and devise to Warren W. Allen all the rest, residue and remainder of the property which I may own at the time of my death, both real and personal, and of every kind and description, wherever the same may be situate, to have and to hold the same in trust as Trustee, for the uses and purposes and with the powers and duties following, that is to say:
* * * * * *
"The Trustee shall hold the trust estate in trust for the benefit of my wife, Zitella E. Bass, and shall pay over and distribute the entire net income derived therefrom, in equal monthly or other convenient installments, unto my said wife, Zitella E. Bass, so long as she shall live.
"Upon the written request of my wife, Zitella E. Bass, the Trustee shall pay over to her out of the principal of the trust estate, free from trust, such amounts as she may in writing request, not to exceed, however, the sum of Five Thousand Dollars ($5,000.00) in any one calendar year, and such payments shall not be cumulative nor carried over either in whole or in part from one year to another."
The sole issue presented by this case is whether the surviving spouse is given the power to appoint and receive income from "a specific portion" of the corpus of the trust within the meaning of the statute. If she was not so entitled, the interest received is a terminable interest, and the estate is not entitled to the marital deduction claim. The government's position is that the provision of the will permitting the widow to withdraw $5,000 from the corpus of the trust is not a power to appoint a specific portion of the entire interest since she has not been given a fractional or percentile share of the corpus of the trust. The pertinent statute, 26 U.S.C. § 2056(5), provides as follows:
"(5) Life estate with power of appointment in surviving spouse.
"In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse
(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and
(B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse.
This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events."
*157 The government in its brief cites at great length the legislative history of the statutes and regulations involved and reasons that when Congress said in the statute "specific portion", what it really meant was a fraction or percentage portion of the estate as set out in their regulations.
The Treasury Regulations defining a "specific portion", regulation 20.2056 (b)-5(c), reads as follows:
"A partial interest in property is not treated as a specific portion of the entire interest unless the rights of the surviving spouse in income and as to the power constitute a fractional or percentile share of a property interest so that such interest or share in the surviving spouse reflects its proportionate share of the increment or decline in the whole of the property interest to which the income rights and the power relate. Thus, if the right of the spouse to income and the power extend to one-half or a specific percentage of the property, or the equivalent, the interest is considered as a specific portion. On the other hand, if the annual income of the spouse is limited to a specific sum, or if she has a power to appoint only a specific sum out of a larger fund, the interest is not a deductible interest. Even though the rights in the surviving spouse may not be expressed in terms of a definite fraction or percentage, a deduction may be allowable if it is shown that the effect of local law is to give the spouse rights which are identical to those she would have acquired if the size of the share had been expressed in terms of a definite fraction or percentage. The following examples illustrate the application of this and the preceding paragraphs of this section:"
Black's Law Dictionary, 4th Ed., defines "specific" as follows:
"Precisely formulated or restricted; definite; explicit; of an exact or particular nature * * * particular; precise; tending to specify, or to make particular, definite, limited or precise."
Under this definition $5,000 is specific.
This Court is of the opinion that it is not necessary to examine further the legislative history where the statute itself is not ambiguous. The $5,000 in question qualifies as a specific portion of the corpus and may be deducted as a marital deduction. The tax on the $5,000 is $1,360.
The government concedes that all of the courts which have examined this particular problem have rejected the position of the government. The leading case on the subject is Gelb v. Commissioner of Internal Revenue, 298 F.2d 544 (2 Cir. 1962). In that case the court rejected the government's presentation of the legislative history of the statutes and regulations and concluded that a dollar amount qualified under the statutes, as well as a fractional or percentile share as defined by the regulations. The United States District Court in West Virginia, Flesher v. United States, D.C., 238 F.Supp. 119 (1965), held that a power to invade which is not limited to a maximum figure did not constitute a specific portion. A district court of Pennsylvania in Northeastern Pennsylvania Nat. B. & T. Co. v. United States, D.C., 235 F.Supp. 941 (1964), held that the payment of $300 a month qualifies under the marital deduction. The district court in Indiana in 1965, The Citizens National Bank of Evansville v. United States, 65-1 U.S.T.C. 12,302, held that $200 a month to the surviving spouse qualified as a marital deduction under the foregoing statutes and disapproved the regulation 20.2056(b)-5(c) insofar as it limits "a specific portion" to "a fractional or percentile share."
This Court finds that the plaintiff is entitled to a judgment against the defendant in the sum of $1,360, plus interest, and directs the parties to prepare the necessary form of judgment for entry by the Clerk within 10 days from the date of this memorandum.