The **CITIZENS NATIONAL BANK OF EVANSVILLE**, et al., as Executor of the Last Will and Testament of G. Ashburn Koch, Deceased, Plaintiff-Appellee,

v.

**UNITED STATES** of America, Defendant-Appellant.

No. 15254.

United States Court of Appeals Seventh Circuit.

March 31, 1966.

Castle, Circuit Judge, dissented.

Jerome I. Chapman, Office of the Solicitor General, John B. Jones, Jr., Asst. Atty. Gen., Tax Division, Dept. of Justice, Washington, D. C., Richard P. Stein, U. S. Atty., Indianapolis, Ind. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Michael K. Cavanaugh, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Edwin W. Johnson, Evansville, Ind. (John L. Carroll, Evansville, Ind., on the brief), for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff-Bank sued under 28 U.S.C. § 1346(a)(1) for refund of estate taxes paid after the District Director of Internal Revenue disallowed part of a marital deduction claimed in the estate tax return filed by the Bank by virtue of the Int. Rev. Code of 1954, § 2056. The district court held in favor of the Bank under § 2056(b)(5).[1] We affirm.

The deduction was claimed by the Bank as executor of decedent's will and trustee under a residuary trust in which the settlor-husband provided, so far as relevant here:

> (a) In the event I die prior to October 1, 1961, I direct my Trustee to pay to my wife the sum of Two Hundred Dollars ($200.00) per month up to and through December 1, 1964, and then to pay to my wife the sum of Three Hundred Dollars ($300.00) per month after December 1, 1964, each and every month for the duration of her life.

The widow was the sole trust beneficiary, the only person entitled to any income, and was given the general power to appoint the remainder of the trust by her last will and testament. Since the settlor died September 25, 1959, we are concerned only with the payments of $200.00 per month and whether these payments provide the widow with an interest in "all the income from a specific portion" of the entire interest, § 2056(b)(5), thus

---

[1] This sub-section provides an exception to the "terminable interest" rule of § 2056 (b) (1), for it provides in pertinent part that the decedent's estate is entitled to the marital deduction to the extent that the surviving spouse " * * * is entitled for life to all the income from the entire interest, or *all the income from a specific portion thereof,* * * * with power in the surviving spouse to appoint the entire interest, or such specific portion * * *." (Emphasis added.) This sub-section succeeded Int.Rev. Code of 1939, § 812(e), added by Revenue Act of 1948, § 361, but § 812(e) (1) (F) allowed the deduction only if the surviving spouse was entitled to "all" the income from the trust corpus.

qualifying for the marital deduction. The part of the marital deduction based on the value of the trust estate created by the will was claimed by the executor, disallowed by the District Director, and after the Bank's claim for refund was disallowed, this suit followed.

The district court determined, by use of the annuity tables and directions promulgated by the Treasury Department,[2] that the widow was entitled, by virtue of the $200.00 monthly income provision under the trust, "to all of the income from a specific portion of the trust * * * in the amount of $68,572.00," and that this amount qualified as a marital deduction. That dollar amount is the sum which, at 3½% interest, should produce $200.00 income per month for the surviving spouse, according to actuarial computation. The court disapproved, as inconsistent with the statute, Treasury Regulation on Estate Tax (1954 Code), § 20.2056(b)-5(c),[3] relied on by the Government, in so far as it would limit the statutory term "specific portion" to "a fractional or percentile share."

A marital deduction equal in value to a maximum 50% of the adjusted gross estate is allowed for the value of any interest in property which passes from the decedent to the surviving spouse.[4] However, since the widow's interest here is a right to a limited amount of income for the duration of her life, and therefore a "terminable interest," [5] her interest under the trust before us is deductible only if her life interest is in "all the income from a specific portion" of the entire interest.[6] There is no claim that the 3½% rate applied was an improper rate.

■ The parties agree that the "sole issue * * * is whether the surviving spouse was entitled for life to all the income from a specific portion of the corpus of the trust," so as to come within the provisions of § 2056(b)(5). We hold that the surviving spouse was entitled for life to all the income "from a specific portion" of the corpus of the trust, and that the Bank was entitled to include that amount in the return filed as part of the claimed marital deduction.

■■ The purpose of the marital deduction provision was to extend to spouses in common law states the advantages of married taxpayers in community property states, by permitting the surviving spouse to acquire free of estate tax up to one-half of the decedent's adjusted gross estate, Dougherty v. United States, 292 F.2d 331, 337 (6th Cir. 1961), and to bring about a two-stage payment of estate taxes, United States v. Stapf, 375 U.S. 118, 128, 84 S.Ct. 248, 11 L.Ed.2d 195 (1963). The "terminable interest" limitation was intended to prevent an escape from tax liability of the second step, i. e., the passing of the surviving spouse's interest to "any other person" upon termination of her life estate or other terminable interest without estate

---

2. Treas. Reg. on Estate Tax § 20.2031–7, 8; 26 C.F.R. § 20.2031–7, 8 (1961).

3. This section of the regulations provides in pertinent part:
    (c) Definition of specific portion. A partial interest in property is not treated as a specific portion of the entire interest unless the rights of the surviving spouse in income and as to the power constitute *a fractional or percentile share* of a property interest so that such interest or share in the surviving spouse reflects its proportionate share of the increment or decline in the whole of the property interest to which the income rights and the power relate. Thus, if the right of the spouse to income and the power extend to one-half or a specified percentage of the prop-

erty, or the equivalent, the interest is considered as a specific portion. On the other hand, if the annual income of the spouse is limited to a specific sum, or if she has a power to appoint only a specific sum out of a larger fund, the interest is not a deductible interest. (Emphasis added.) 26 C.F.R. § 20.-2056(b)-5(c) (1961).

4. Int.Rev.Code of 1954, § 2056(a), (c).

5. Int.Rev.Code of 1954, § 2056(b) (1). See generally Cunha's Estate v. C.I.R., 279 F.2d 292, 296 (9th Cir.), cert. denied, 364 U.S. 942, 81 S.Ct. 460, 5 L.Ed.2d 373 (1960) ("terminable interest," § 812(e) of 1939 Code).

6. Int.Rev.Code of 1954, § 2056(b) (5); see note 1 supra.

or gift tax, United States v. Stapf, 375 U.S. at 128, 84 S.Ct. 248; Dougherty v. United States, 292 F.2d at 337; Commissioner v. Ellis' Estate, 252 F.2d 109, 112 (3rd Cir. 1958). By section 361 of the Revenue Act of 1948, Congress amended section 812(e) of the 1939 Code to introduce the marital deduction provision. But the result was a failure to cover the situation in which the surviving spouse "received less than all of the trust income or the power to appoint less than all of the trust property."[7] This legislative deficiency was remedied by Congress in section 2056(b)(5) of the 1954 Code, which excepts from the terminable interest rule a life estate in income from a "specific portion," with power to appoint that portion.

■ The qualification of the widow's interest for deduction must be determined as of the time of her husband's death. Jackson v. United States, 376 U.S. 503, 508, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964). The Government argues that since the widow's estate is not a "fractional or percentile" part, required by Treasury Regulation § 20.2056(b)-5(c), it cannot be a "specific portion"; that the capitalized sum reached by the district court cannot be "specific" because the value of the entire trust corpus is subject to fluctuation due to economic conditions,[8] resulting in a risk of tax loss to the Government in a period of economic deflation while, her income being constant, there

is no risk to the widow of increased tax in an inflationary period; and that, even if the capitalized sum can be a "specific portion" of the corpus, the widow is not entitled to "all the income" from that portion, because (1) the will provides only that she receive $200.00 per month from the trust,[9] and in addition, permits invasion of corpus if necessary for these payments,[10] and (2) it cannot be said, or assumed, that the trust will have a uniform return on corpus of 3½% per year, which means the amount necessary to produce $200.00 per month will vary.

These theories, with the exception of the latter argument,[11] as well as the Government's arguments urged here on the legislative history of § 2056 and the provisions of regulation § 20.2056(b)-5(c), were rejected by the Second Circuit in Gelb v. C.I.R., 298 F.2d 544, 549–552 (2nd Cir. 1962). There the wife was given a life interest in the "net income" and a general power of appointment by will over the remainder at her death, and the issue was whether a power, given to the trustees to invade corpus for a maximum of $5,000.00 per year for the support and education of a minor daughter, destroyed the marital deduction because the wife would not have the power to appoint the "entire interest" or a "specific portion" thereof. The court approved the use of actuarial tables to capitalize the sum needed to provide from corpus for the annual $5,000.00 invasion-

---

7. Northeastern Pennsylvania Nat. B. & T. Co. v. United States, 235 F.Supp. 941, 943 (M.D.Pa.1964). See also note 1 supra.

8. I.e., a restricted amount, the $68,572.00, can never be a "specific portion" of a larger, variable amount, the trust corpus. Brief for the Appellant, pp. 17–18. The substance of this contention appears to have been made, and rejected, in the *Gelb*, *Northeastern Pennsylvania Nat. Bank* and *Allen* decisions discussed infra. Counsel for the Government, on oral argument here, conceded that if the surviving spouse were given a life interest in all the income from a restricted amount, i.e., $68,572.00, plus the requisite power of appointment, this would qualify. While this may not concede the case, it does concede that a

limited dollar amount (the capitalized sum here) may be a "specific portion," and within the "fractional or percentile share" terminology of the regulation.

9. Appellee in its claim for refund alleged the trust had a value of $123,541.10.

10. The trustee was also directed to pay "all costs, expenses, taxes and charges out of the income or corpus" before making distribution to the widow. Thus her payments might come from corpus.

11. This argument was specifically made and rejected in *Northeastern Pennsylvania Nat. Bank*, see text accompanying note 12; the *Gelb* court inferentially rejects it by approving actuarially-computed "specific" portions.

ary power, and upheld the marital deduction under § 2056(b)(5) by subtracting the capitalized sum from the entire corpus to arrive at the "specific portion" of the corpus over which the widow had power to appoint. Specifically disapproved was regulation § 20.2056(b)-5(c) in so far as it would limit "specific portion" to "a fractional or percentile share." The court said that Congress would not "balk" at using the method to delineate a "specific portion" because of the widespread use of actuarial tables in solving estate tax problems.

A district court in Northeastern Pennsylvania Nat. B. & T. Co. v. United States, 235 F.Supp. 941 (M.D.Pa.1964),[12] followed *Gelb* in giving the statutory term "specific portion" a broader meaning than that sought here by the Government. There the trustee was directed to pay the widow, from income and corpus, monthly payments for her life, and she was empowered to appoint any or all of the corpus remaining at her death. The trustee listed the value of the trust corpus which passed under the will as qualifying for a marital deduction. The deduction was disallowed. The Government there urged upon the court the same arguments that it urges here. Plaintiff contended that the widow was entitled to the deduction, at least to the extent of the value of the "specific portion" computed actuarially, since she alone received income payments and had the general power of appointment by will over the remainder at her death.

The court considered the Government argument that both the widow and Government should share equally in the risk of the fluctuation in value of the corpus resulting in decrease or increase in taxes, and that the "fractional or percentile share" requirement of the regulation must be met. The court, however, following *Gelb*, rejected the Government's arguments and computed actuarially the portion of the corpus which was needed to yield the widow's income and allowed the deduction accordingly. The court, 235 F. Supp. at 946, agreed with the reasoning in Gelb, 298 F.2d at 551, that the Congressional " * * * example of a 'specific portion' [as a fractional interest] does not warrant a construction that Congress did not mean to include other instances fairly within the language and the underlying policy."

In the recent case of Allen v. United States,[13] the widow was entitled to all the trust income for life, but was not expressly empowered to appoint any portion. She was, however, entitled to be paid from corpus on written request an amount "not to exceed" $5,000.00 annually. The Government's position was that the provision for the annual payments was not a power to appoint a specific portion because she was not given a power to appoint a "fractional or percentile" share. This court relied also upon *Gelb*, the "leading case on the subject," in qualifying for the deduction as a "specific portion" the $5,000.00 in question, a limited dollar amount which the Government contends does not fulfill the regulation or statute. The court noted that all courts which had examined "this particular problem" had rejected the Government position.

No reason advanced has persuaded us that we can substantially distinguish the facts and underlying principles involved before us from those in *Gelb*, and none that we should not do substantially here what the Second Circuit did in *Gelb*. In this court the Government cites no decision in its favor on the issue here, adding only that "we respectfully submit, however, the *Gelb* decision is erroneous. * * * * " [14]

We are unable to agree with the Government's appraisal of *Gelb*, and the judgment is affirmed.

CASTLE, Circuit Judge (dissenting).

The statutory language here involved (26 U.S.C.A. § 2056(b)(5)) " * * *

---

12. Appeal pending, No. 15249, 3rd Cir., Oct., 1965.

13. 250 F.Supp. 155 (E.D.Mo.1965).

14. Brief for the Appellant, p. 20.

entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, * * * " is without ambiguity. And, to qualify pursuant to this exception to the terminable-interest rule the quality of the interest passing to the surviving spouse must meet the standard Congress saw fit to impose. Something judicially rationalized as approximately equivalent is not enough. I believe it self-evident that the right to $200 a month for life is neither a right for life to all the income from the entire interest nor to all the income from a *specific* portion of the interest. Accordingly, I would reverse.

Kiley, Circuit Judge, dissented.