ESTATE OF JEAN C. HOLLINGSHEAD, IRVING HOLLINGSHEAD, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9174–76.    Filed July 31, 1978.

*Richard L. Barbour*, for the petitioner.
*Eugene J. Wien*, for the respondent.

## OPINION

CHABOT, *Judge:*[*] Respondent determined a deficiency in petitioner's estate tax in the amount of $30,177.36. After concession by petitioner of all the other adjustments, the only issue remaining for decision is the amount of marital deduction to be allowed under section 2056[1] for an interest in a trust created under decedent's will whereby decedent's surviving spouse is entitled for life to all the income with a power to appoint the greater of $5,000 or 5 percent of the principal to himself per year noncumulatively.

All of the facts have been stipulated; the stipulation and the exhibits attached thereto are incorporated herein by this reference.

Irving Hollingshead (hereinafter referred to as petitioner) is the executor of the Estate of Jean C. Hollingshead, deceased; he also is decedent's widower. Petitioner was a legal resident of Medford, N. J., when he filed the petition in this case.

Decedent died testate on October 4, 1972. Her will created a residuary trust; the pertinent provisions of the will are as follows:

FOURTH: I give the rest, residue and remainder of my estate, real and personal, to my husband IRVING HOLLINGSHEAD, IN TRUST, pursuant to paragraph FIFTH herein.

FIFTH: If my husband, IRVING HOLLINGSHEAD, survives me by thirty days, my Trustee shall hold all of my property, real and personal, in trust as stated in paragraph FOURTH, and shall keep it invested and shall distribute the net income from it and the principal of it as follows.

A. The net income therefrom shall be paid to my husband, in quarterly or other convenient installments during his life time.

---

[*] By order dated Apr. 4, 1978, the Chief Judge reassigned this case from Judge Charles R. Simpson to Judge Herbert L. Chabot for disposition.

[1] Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954, as in effect at decedent's death.

B. As much of the principal as the Corporate Trustee may from time to time think desirable for the comfort, welfare, maintenance or support of my husband shall be paid to him or shall be applied directly for those purposes.

C. My husband is hereby given the power to appoint the greater of $5,000.00 or 5 per cent per year from the aggregate value of the principal of said trust per year, to himself, noncumulatively, at his own discretion.

D. Upon my husband's death (or my death if he does not survive me) the then remaining principal shall be divided into equal shares so that there shall be one for each child of mine, either then living or then dead and kept invested thereafter:

\* \* \* \* \* \* \*

FOURTEENTH: \* \* \*

C. I FURTHER DIRECT that IRVING HOLLINGSHEAD while acting as a Trustee under this Will shall not participate in any decision regarding encroachment upon the corpus of said trust for his own benefit, but any such decision shall be made entirely by the Corporate Trustee, with the exception as enumerated in Item FIFTH (c) above, as it may apply to my husband.

Petitioner maintains that the present value of the power of the decedent's widower to appoint the greater of $5,000 or 5 percent of the testamentary trust principal annually, noncumulatively—"together with the invasionary rights by the trustee for the comfort, maintenance and welfare of the husband"[2] — qualifies for the marital deduction; the present value of this amount, petitioner maintains, is to be determined by taking into account the widower's 11.3-year life expectancy (petitioner acknowledges that the present value he determines, $134,464, cannot be deducted in entirety because of the 50-percent limitation, and so he seeks to deduct the maximum allowable marital deduction).

Respondent maintains that only 5 percent of the trust principal (i.e., $9,503.60) is subject to a power that qualifies for the marital deduction, since any excess over 5 percent is not "exercisable \* \* \* in all events."

We agree with respondent.

Section 2056(a) provides for a "marital deduction"—the value of the gross estate is to be reduced by the value of property interests passing to the surviving spouse. Section 2056(b) provides a series of rules generally disqualifying a transfer from

---

[2]Although petitioner on brief states the issue as including consideration of the corporate trustee's invasionary rights, he does not mention this point in the argument portion of his brief. We conclude that the corporate trustee's invasionary rights are not at issue here. We note that the final sentence of sec. 2056(b)(5) (see n. 3 *infra*) requires that a power of appointment be "exercisable by such spouse alone," in order for the interest to be eligible for the marital deduction.

eligibility for the marital deduction if the transfered interest is terminable.

Section 2056(b)(5)[3] provides for an exception to the general rule that terminable interests do not qualify for the marital deduction. In general, an interest in property passing from the decedent may qualify for the marital deduction if—

(1) The surviving spouse is entitled for life to all income from the entire interest or a specific portion thereof;

(2) The surviving spouse has power to appoint the entire interest or specific portion to himself or herself (or to his or her estate);

(3) No other person has power to appoint any part of the interest or specific portion; and

(4) The power is exercisable by the surviving spouse alone and in all events.

The dispute between the parties is as to the extent to which the widower's power to appoint to himself is exercisable "in all events."[4]

Under the will, the widower has no power to appoint to himself more than 5 percent (or $5,000, if greater) of the trust principal per year. This is the greatest amount as to which he has a power that can be exercised without a temporal restriction. Consequently, this is the greatest amount as to which he has a power "exercisable * * * in all events." Indeed, since the power is noncumulative, there is never a time when the widower could

---

[3]SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

\* \* \* \* \* \* \*

(5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

[4]Respondent concedes that all the other requirements of sec. 2056(b)(5) are satisfied. Respondent also concedes that all the requirements are satisfied with respect to 5 percent of the trust principal.

appoint to himself more than 5 percent at that time. In order to appoint to himself more than 5 percent in the aggregate, he would have to appoint some amount in one year, survive until a later year, and in that later year appoint an additional amount. This condition of survival[5] is itself sufficient to disqualify the power under the "all events" requirement. S. Rept. 80–1013 (Part 2) 17 (1948), 1948–1 C.B. 331, 343; sec. 20.2056(b)–5(g), Estate Tax Regs. As a result, we conclude that the widower's interest in the testamentary trust is eligible for the marital deduction only to the extent of 5 percent of the trust principal.

Petitioner relies primarily on *Gelb v. Commissioner*, 298 F.2d 544 (2d Cir. 1962). In *Gelb* it was concluded that prior to the 1954 Code, unless all of a trust qualified for a marital deduction, no part of it would, and that the 1954 Code introduced the new concept of a qualifying "specific portion." The court held in *Gelb* that the "specific portion" could be a dollar amount or even one determined by actuarial calculation of life expectancy, thereby invalidating Treasury Department regulations that required the "specific portion" to be a fractional or percentage share. Petitioner's reliance on *Gelb* is misplaced, however. In sharp contrast to this case, Gelb's widow was given a life interest in the "net income" and a general power of appointment by will over the remainder at her death. The issue in *Gelb* was whether a power in the trustees to invade corpus for a maximum of $5,000 per year for the support of a minor daughter destroyed the marital deduction for the entire trust because the surviving spouse would not have the power to appoint the "entire interest" or a "specific portion" thereof. In *Gelb*, the widow was given the power over the entire remainder to appoint by will. The trustees' power could cut back on the extent of the power. The court used actuarial calculations to determine the maximum extent to which the widow's power could be cut back. The court held that the "all events" test was satisfied only as to what was left after subtracting the maximum reach of the trustees' power. Thus, on the point at issue herein, *Gelb* may be said to stand for the proposition that only the power that cannot be defeated can qualify for the marital deduction under section 2056(b)(5).

---

[5]Sec. 2056(b)(3) provides that under certain circumstances the conditioning of an interest on survival for a limited period will not cause that interest to be treated as terminable (e.g., will not disqualify that interest from the marital deduction). This provision of the statute does not appear to apply to the instant case and the parties do not argue its application.

Our conclusion herein, that no part of the widower's power in the instant case (except the constant 5 percent) satisfies the "all events" test, is consistent with, and is supported by, *Gelb.*

Petitioner also relies upon *Northeastern Nat. Bank v. United States,* 387 U.S. 213 (1967), and *Citizens National Bank of Evansville v. United States,* 359 F.2d 817 (7th Cir. 1966). In each of these cases the question before the court was the extent of the interest as to which the surviving spouse was entitled to "all the income." In each of these cases the extent of the power to appoint was conceded to be at least as broad as the income interest. Since the "all events" requirement in the statute applies only to the power to appoint, neither of the courts in these cases had occasion to inquire into the meaning of the "all events" test. The issue before us is the "all events" test. Consequently, *Citizens National Bank* and *Northeastern Nat. Bank* are not relevant to the issue before us. See, in particular, *Northeastern Nat. Bank v. United States,* 387 U.S. at 224–225.

Since the maximum specific portion of principal over which decedent's surviving spouse has a power of appointment exercisable in all events is 5 percent, no marital deduction in excess of that amount is allowable. Since the respondent has conceded that a marital deduction in an amount equal to 5 percent of the principal is allowable, we need not reach the question of whether the power to appoint this specific portion was exercisable in all events.

Since petitioner has conceded all the other adjustments in the deficiency notice,

*Decision will be entered for the respondent.*