*Decision will be entered under Rule 155.*

ESTATE OF FRITZ L. MEESKE, DECEASED, HACKLEY BANK & TRUST, N.A., EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9907–74    Filed April 5, 1979.

*I. John Snider II* and *Fredric A. Sytsma,* for the petitioners.
*Judith M. Wall,* for the respondent.

## OPINION

TIETJENS, *Judge:* Respondent determined a deficiency in the estate tax of the Estate of Fritz L. Meeske in the amount of $136,033.55. The issue is whether the estate is entitled to a marital deduction under section 2056, I.R.C. 1954,[1] for certain property passing to the decedent's surviving spouse pursuant to the terms of a trust agreement.

The facts have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference.

Decedent Fritz L. Meeske died on August 22, 1970. Prior to his death, by agreement dated July 22, 1970, the decedent established a revocable inter vivos trust. Petitioner Hackley Bank & Trust, N.A., is a trustee of the trust and the executor of the decedent's estate. Petitioner's principal office was located in Muskegon, Mich., when it filed its petition. The estate's Federal estate tax return was filed timely with the office of the District Director, Internal Revenue Service, in Detroit, Mich.

As stated above, the decedent created a revocable trust into which he transferred a substantial portion of his assets. He retained the right to income for life and to invade the corpus for his own benefit. At the settlor's death, the trust corpus was divided into two portions, a marital portion and a residual portion. The division was made pursuant to a marital deduction "equalization clause." The clause is designed to produce the

---

[1]Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as in effect for the taxable years in issue.

lowest potential aggregate estate taxes on the estates of the decedent and his surviving spouse. It does this by allocating to the marital portion enough assets to equalize the value of the decedent's estate and his surviving spouse's estate (assuming she died immediately after the decedent), with the valuation made on the date of death and the alternate valuation date. The valuation that produces the lowest aggregate estate taxes is the one used to make the allocation.

In this regard, the trust agreement provided as follows:

(b) BALANCE OF TRUST FUND - Upon the death of Settlor, if his wife survives him, corpus (including additions, but excluding properties set aside pursuant to Article I hereof from Trust 31A and excluding property added to or allocated to a separate asset account for any reason) shall be divided into two portions; one of which shall be called the Marital Portion and the other of which shall be called the Residual Portion.

(i) There shall first be allocated to the Residual Portion any asset or the proceeds of any asset (or interest therein) with respect to which the marital deduction would not be allowed if allocated to the Marital Portion.

(ii) AA. There shall then be allocated to the Marital Portion that percentage interest in the balance of the assets constituting the trust estate which shall, when taken together with all other interests and property that shall have passed to Settlor's spouse under other provisions of this trust or otherwise, obtain for Settlor's estate a marital deduction which would result in the lowest Federal estate taxes in Settlor's estate and his spouse's estate, on the assumption Settlor's spouse died after him, but on the date of his death and that his spouse's estate were valued as of the date on (and in the manner in) which Settlor's estate is valued for Federal estate tax purposes; Settlor's purpose is to equalize, insofar as possible, his and his spouse's estates for Federal estate tax purposes, based upon said assumptions.

BB. In the event that at the time of Settlor's death there is no provision of the Federal Internal Revenue Code having substantially the same effect as the provision for the marital deduction contained in the Code at the date of execution of this trust, or in the event Settlor's spouse shall not survive Settlor, or in the event that Settlor's gross estate for Federal estate tax purposes shall not be of a size sufficient to require the filing of a Federal estate tax return, the provisions of the foregoing paragraph (ii) AA of this Article shall be of no effect, and the property otherwise allocable to the Marital Portion hereunder shall be allocated to the Residual Portion.

(iii) There shall finally be allocated to the Residual Portion the remaining percentage interest in the balance of the assets constituting Settlor's estate.

(iv) The percentage interest of the Marital and Residual Portions shall be determined and fixed by using asset values for all such purposes as finally established for Federal estate tax purposes. In selecting a valuation date for the purpose of the Federal estate tax, Settlor directs Trustee to select the date which will result in the greatest tax benefit to Settlor's and his spouse's

estates, regardless of the effect this selection may have on the amount provided by this Article for Settlor's spouse.

Settlor also authorizes Trustee to make such elections as it shall deem proper including (without limitation intended) the election as to whether certain expenses shall be taken as deductions against estate tax or income tax, regardless of the effect on the pattern of allocation.

The fixed percentage of Settlor's estate allocated to each portion shall, for distribution purposes, be applied to the assets distributed valued at their fair market value at the time of distribution.

(v) The Marital Portion shall be held as hereinafter provided in the section of this Article entitled "Marital Trust."

(vi) The Residual Portion shall be held as hereinafter provided in the section of this Article entitled "Residual Trust."

All property allocated to the marital portion was, under the terms of the trust agreement, placed into a segregated marital trust. The marital portion was then held, administered, and distributed pursuant to the terms of the marital trust. Thus, after the initial allocation of corpus between the marital and residual portions, the corpus of each portion was segregated from the other and increased or diminished without regard to the other. All net income from the marital trust was to be paid to the settlor's wife for life, and the trustee was given a discretionary power to invade the corpus for the wife's maintenance and support. The wife also possessed a special power of appointment by deed and a general power of appointment by will. The powers were exercisable over the entire corpus of the marital trust, but in default of the exercise of the powers, the corpus would be added to the residual portion and pass under the terms of the "residual trust." The residual trust, to which the residual portion of the trust estate was also distributed, basically provided for the distribution of corpus upon the death of the settlor's wife to the decedent's heirs.[2]

Pursuant to the terms of the equalization clause, the trustee allocated $258,855.26 to the marital portion of the decedent's trust. This amount thus became the corpus of the marital trust. The estate deducted the amount so allocated under section 2056(a). Respondent disallowed the deduction. There is no dispute over the amount allocated. The only issues are whether the surviving spouse's interest is a terminable interest within the meaning of section 2056(b)(1), and whether the interest

---

[2]Although the residual trust contained other provisions by which some of its corpus may have been distributed, they are irrelevant to our determination here.

otherwise qualifies for the marital deduction under section 2056(b)(5).

The facts in this case are in all material respects identical to those in *Estate of Smith v. Commissioner*, 66 T.C. 415 (1976), affd. per curiam 565 F.2d 455 (7th Cir. 1977). There we held in a Court-reviewed opinion that the interest passing under a trust provision almost identical to the one quoted above was properly deducted under section 2056(a). Respondent had determined that the interest passing under the trust was a terminable interest, nondeductible as such under section 2056(b)(1). At trial he argued that because the trustee could not determine the amount to be allocated to the marital portion of the trust estate until 1 year after the decedent's death, the interest passing to the surviving spouse was conditional or contingent. That is also respondent's first contention here. For the reasons stated in *Estate of Smith*, we reject that contention again.

Respondent's second reason for disallowing the deduction here is that the interest passing to the surviving spouse fails to meet the requirements of section 2056(b)(5). This contention was neither raised nor considered in *Estate of Smith v. Commissioner, supra* at 427.

Section 2056(b)(5) provides an exception to the terminable interest rule of section 2056(b)(1) for certain life estates with a general power of appointment in the surviving spouse. Normally, a life estate is an interest that will terminate or fail upon the occurrence of an event, viz, the death of the life tenant. If the decedent has also given an interest in the property to another, and if upon the termination or failure of the spouse's interest the other person may possess or enjoy the property by way of his interest, then the spouse's interest will be nondeductible under section 2056(b)(1). See R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxation, par. 5.06[8][a] (4th ed. 1978). If, however, the spouse also receives a general power of appointment that meets the requirements of section 2056(b)(5), the interest will not be considered terminable even though it otherwise comes within the terms of section 2056(b)(1). This is designed to allow the marital deduction where the value of the property over which the surviving spouse has a power of appointment will (if not consumed) be subject to either the estate tax or the gift tax in the case of such surviving spouse. S. Rept. 1013, 80th Cong., 2d Sess. (1948), 1948–1 C.B. 285, 342. But

it is important to emphasize that the interest must meet the explicit requirements of section 2056(b)(5). Unless it meets those requirements, the interest will be nondeductible even though the power may otherwise result in an inclusion of the trust corpus in the surviving spouse's estate. See *Jackson v. United States*, 376 U.S. 503, 509–510 (1964); *Estate of Smith v. Commissioner, supra* at 430. Thus generalizations about the terminable interest rule and its exceptions cannot replace a careful scrutiny of the precise statutory requirements for deductibility. R. Stephens, G. Maxfield & S. Lind, *supra* par. 5.06[8][a] at p. 5–112.

Section 2056(b)(5) provides:

(5) LIFE ESTATE WITH POWER OF APPOINTMENT IN SURVIVING SPOUSE.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

By its terms, section 2056(b)(5) provides a fivefold test for the deductibility of life estates coupled with powers of appointment: (1) The surviving spouse must be entitled for life to all the income from the entire interest or to all the income from a specific portion thereof. (2) The income must be payable annually or at more frequent intervals. (3) The surviving spouse must have a power to appoint the entire interest or such specific portion to either herself or her estate. (4) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to anyone other than the surviving spouse. (5) The power in the surviving spouse (whether exercisable by will or during life) must be exercisable by her alone and in all events.

There is no dispute here about whether the interest passing

under the marital trust satisfies requirements (2) and (4). Thus respondent argues on brief only that the interest does not satisfy requirements (1), (3), and (5).

With respect to requirements (1) and (3), respondent contends that the surviving spouse does not have an income interest in or a power of appointment over a "specific portion" of the trust estate. This argument is inapposite. The trust agreement clearly provides that the trust corpus be divided at the settlor's death into a marital portion and a residual portion. The marital portion is to be placed in a marital trust and the residual portion placed in a residual trust. Once the allocations were made, they would be treated separately for all purposes. All income earned by the marital trust would be payable to the spouse without regard to the income earned by the residual trust. Her power of appointment would be over the entire marital trust corpus without regard to the disposition of the residual trust corpus, and each trust's corpus would increase or diminish without regard to the other. Thus the surviving spouse clearly received an income interest in and a power of appointment over the *entire* marital portion, not just a specific portion. See sec. 20.2056(b)–5(d), Estate Tax Regs.

Respondent's reliance on section 20.2056(b)–5(c), Estate Tax Regs., and *Northeastern Pennsylvania National Bank & Trust Co. v. United States*, 387 U.S. 213 (1967), is misplaced. First, the Supreme Court specifically held in *Northeastern* that the above regulation was invalid, at least insofar as it requires the income interest to be expressed in terms of a fractional or percentile share. And those courts that have considered that regulation's definition of a specific portion insofar as it requires a general power to be exercisable over a fractional or percentile share of corpus have likewise held it to be invalid. *Gelb v. Commissioner*, 298 F.2d 544 (2d Cir. 1962); *Estate of Trunk v. Commissioner*, 550 F.2d 81 (2d Cir. 1977), revg. on other grounds 65 T.C. 230 (1975); *Allen v. United States*, 250 F. Supp. 155 (E.D. Mo. 1965); cf. *Northeastern Pennsylvania National Bank & Trust Co. v. United States, supra* at 222; *Citizens National Bank of Evansville v. United States*, 359 F.2d 817, 821 (7th Cir. 1966). Second and more important, even assuming the continued validity of the regulation, it simply does not apply here. Where a bequest of property is segregated from other bequests for all purposes, the surviving spouse's interest in and power over that property is to

be considered separately. Sec. 20.2056(b)–5(d), Estate Tax Regs. Again, the marital portion here was so segregated and the spouse received an income interest in and a power of appointment over the *entire* segregated portion. Hence there is no problem at all with a "specific portion" here.

With respect to requirement (5), respondent contends that the surviving spouse could not exercise her general power of appointment in all events. He argues first that the power must be exercisable at any time during the surviving spouse's life. This is clearly incorrect. Section 2056(b)(5) permits general powers "whether exercisable by will or during life." A power exercisable by will is by its very nature not exercisable during life. See 5 W. Page, Wills, at 514, 533 (1962). Moreover, section 20.2056(b)–5(g)(3), Estate Tax Regs., upon which respondent relies, in no way suggests that the power must be exercisable during the surviving spouse's life. It merely treats the power as not exercisable in all events if the power can be terminated during the life of the spouse by any event other than her exercise or release of it. The power in this case could not be terminated except by the exercise or release of it by the decedent's wife.

Alternatively, respondent argues that the power could not be exercised effectively by the decedent's spouse before the allocation of the assets between the marital portion and the residual portion and thus was not exercisable in all events. Certainly, if a power cannot be exercised effectively before an allocation or distribution of assets after the death of the decedent, it is not exercisable in all events. See sec. 20.2056(b)–5(g)(4), Estate Tax Regs. But an interest will not be disqualified merely because, in the event that the power is exercised during the administration of the estate, distribution of the property to the appointees will be delayed for the period of administration. Sec. 20.2056(b)–5(g)4, Estate Tax Regs.

There is nothing in the record indicating that the surviving spouse's general testamentary power could not be exercised effectively before allocation or distribution of the decedent's assets. On the contrary, her power was exercisable at any time without any restriction. Although she had to wait until the alternate valuation date to know the value of the trust corpus over which she had a power of appointment, the decedent's wife

was not thereby prevented from exercising the power immediately after her husband's death.[3] Perhaps this would have delayed distribution of the property to the appointees. But as already explained, this alone is insufficient to disqualify the interest under section 2056(b)(5).

We therefore hold that the transfer at issue has satisfied the requirements of section 2056(b)(5), and that petitioner is entitled to the marital deduction claimed for that transfer.

*Decision will be entered under Rule 155.*

---

[3]If, for example, she had died before the alternate valuation date, any exercise of the power in her will would still have been effective.