**UNITED STATES of America,**
Appellant,

v.

**FIRST NATIONAL TRUST & SAVINGS
BANK OF SAN DIEGO, etc., et al.,**
Appellees.

No. 19003.

United States Court of Appeals
Ninth Circuit.

July 28, 1964.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, J. Edward Shillingburg, Bruce Terris, Attys., Dept. of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Loyal E. Keir, Richard G. Sherman, Asst. U. S. Attys., Los Angeles, Cal., for appellant.

Maurice T. Watson, San Diego, Cal., for appellees.

Before BARNES and BROWNING, Circuit Judges, and TAYLOR, District Judge.

**FRED M. TAYLOR, District Judge.**

This is an appeal involving federal estate taxes. The District Court had jurisdiction under 28 U.S.C. § 1346, and this Court has jurisdiction under 28 U. S.C. § 1291.

It appears from the stipulated facts that Edward C. Vajen died on July 31, 1954, in the County of San Diego, California, the place of his residence, and was survived by his wife, Grace L. Vajen, who died in the same State and County on January 4, 1961; that Grace L. Vajen renounced her right to serve as executrix of the Will of the decedent; that appellees are the co-administrators of the estate of the deceased and the appellee bank is also the trustee under the testamentary trust created by the last Will and Testament of the deceased; that by his Will testator devised to his wife, Grace L. Vajen, "a lifetime interest and estate" in his residence and home at Roseville, Point Loma, and his home at Riverside, California. In regard to these two residences the testator provided as follows:

"Item 1: * * *

* * * * * *

c: Should my wife, Grace L. Vajen, desire to sell my two (2) residences mentioned hereinabove in "a" and "b" of this Item, for the purpose of purchasing a home and residence for herself, to relieve herself of the burden of maintenance, and more in accordance with her circumstances, I do now hereby give and grant to her an absolute power of sale, to sell and convey the same in fee simple, conditioned that all the proceeds realized from said sale be placed in shares of stock of State Street Investment Corporation, registered under the name and Style 'Grace L. Vajen, Trustee under the will of Edward Claypool Vajen;' and, she is hereby empowered and authorized to sell and transfer and assign sufficient of the securities so purchased to purchase herself a home of her choice, and to take title thereto in fee simple, she to receive the income, for and during her natural lifetime only, of the shares of State Street Investment Corporation that are not needed for such purchase."

The testator, with the exception of specific shares of stock, bonds and debentures, gave and bequeathed to his wife all personal property, cash in banks, certificates of deposit, and choses in action, of every kind, nature and description, wheresoever situated, including the household effects in the two residences. He also gave his wife a life estate in two Indiana properties and the income for life from a stock and securities trust.

Under Item 6 of his Will the testator further provided: "that all indebtedness, costs of administration, State Inheritance and Federal Estate Taxes, shall be payable out of the securities, stocks and bonds which I have hereinbefore directed my executrix to sell during the period of administration for that purpose, and I specifically will, order and direct that in no event shall the interest of my wife, Grace L. Vajen, be reduced by any of the same, and that her widow's marital deduction, under Federal Estate Taxes, shall not be reduced by my indebtedness, costs of administration, State Inheritance Taxes or Federal Estate Taxes."

The question presented on this appeal is whether the decedent's estate was entitled to a marital deduction under Section 812(e) (1) (F) of the Internal Revenue Code of 1939 by reason of the interest devised by the testator to his wife in the two residences.

The able trial court concluded that the estate was entitled to a marital deduction in the amount of the value of the interest in the two residences which were devised to the testator's wife and judgment was entered for the taxes and interest paid by appellees (taxpayer) together with interest and costs.

Appellant claims it was error for the trial court to so conclude. It is appellant's contention that decedent's estate is not entitled to the marital deduction because (1) the power granted to testator's wife to invade the corpus of the estate and obtain a new home was so restricted as to prevent her from exercising it in all events, and (2) the testator's general reference to the marital deduction in Item 6 of his Will is of no significance.

Appellees contend, as was concluded by the trial court, that the decedent's estate is entitled to a marital deduction because (1) the testator's wife received a life estate in the two residences with power to sell them and use the proceeds to obtain a home in fee simple, and (2) the testator intended that the interest devised to his wife in the residences was to qualify for the deduction.

For the purpose of computing the federal estate tax, Section 812(e) (1) of the Internal Revenue Code of 1939 [1] provides for a marital deduction from the gross estate for interests in property passing

1. "§ 812. Net estate

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*   \*   \*   \*   \*   \*

"(e) (As added by Sec. 361(a) of the Revenue Act of 1948, c. 168, 62 Stat. 110) Bequests, Etc., to Surviving Spouse.—

"(1) Allowance of marital deduction.

"(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining value of the gross estate.

"(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such surviving spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii)—

"(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust. For the purposes of this subparagraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

\*   \*   \*   \*   \*   \*   \*

"(F) (As amended by Sec. 93(a) of the Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606) Life estate with power of appointment in surviving spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

"(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for purposes of subparagraph

to the surviving spouse of the decedent. It will be noted that paragraph (1) (B) of said section 812(e) provides that no deduction shall be allowed for a terminable interest, i. e., one which will terminate by the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur. An interest passing to a surviving spouse may qualify for the marital deduction if it is not a terminable interest. Except as provided in paragraph (1) (F), an interest for life is terminable.

Paragraph (1) (F) of Section 812(e), as amended, provides an exception to this rule in the case of a gift to the surviving spouse of a life estate only if such spouse has the power to appoint the entire interest to herself or as a part of her estate in all events. This paragraph was amended by Section 93 (a) of the Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606. The amendments did not change the nature of the power of appointment required. The surviving spouse must still have a power of appointment which is exercisable either in her own favor or in favor of her estate, and the power must be exercisable by her alone and in all events. Piatt v. Gray, 321 F.2d 79, 81 (6th Cir., 1963); Estate of Comer v. Commissioner, 31 T.C. 1193, 1197.

According to Treasury Regulations (Sec. 81.47a, Treasury Regulations 105) [2]

(B) (i), be considered as passing to any person other than the surviving spouse.

This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events. * * *" (26 U.S.C. 1952 ed., Sec. 812.)

2. "Sec. 81.47a (as added by T.D. 5699, 1949–1 Cum.Bull. 181, and amended by T.D. 6529, 1961–1 Cum.Bull. 753) Bequests, Etc., to Surviving Spouse.— * * * * * *

"(c) Marital deduction; life estate with power of appointment in surviving spouse.—

"(1) In general.—Except as otherwise provided in subparagraph (10) of this paragraph (pertaining to estates of decedents dying after December 31, 1947, and on or before April 1, 1948), if an interest in property passes from the decedent to his surviving spouse (whether or not in trust) and the spouse is entitled for life to all the income from the entire interest or all the income from a specific portion of the entire interest, with a power in her to appoint the entire interest or the specific portion, the interest which passes to her is under the provisions of section 812(e) (1) (F), as amended by section 93(a) of the Technical Amendments Act of 1958, a deductible interest, to the extent that it satisfies all five of the conditions set forth below, (see subparagraph (2) of this paragraph if one or more of the conditions is satis-

fied as to only a portion of the interest):

"(i) The surviving spouse must be entitled for life to all the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

"(ii) The income payable to the surviving spouse must be payable annually or at more frequent intervals.

"(iii) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate.

"(iv) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events.

"(v) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse. * * * * * *

"(5) Application of local law.—In determining whether or not the conditions set forth in subparagraph (1) (i) through (v) of this section are satisfied by the instrument of transfer, regard is to be had to the applicable provisions of the law of the jurisdiction under which the interest passes * * * * * * * *

"(7) Power of appointment in surviving spouse.—

"(i) The condition set forth in subparagraph (1) (iii) and (iv) of this paragraph, that is, that the surviving spouse must have power of appoint-

five requirements must be satisfied by an interest passing to the surviving spouse in order to qualify for the marital deduction:

"(i) The surviving spouse must be entitled for life to all the income

ment exercisable in favor of herself or her estate and exercisable alone and in all events, are not met unless the power of the surviving spouse to appoint the entire interest or a specific portion of it falls within one of the following categories:

"(a) A power so to appoint fully exercisable in her own favor at any time following the decedent's death (as, for example, an unlimited power to invade); or

"(b) A power so to appoint exercisable in favor of her estate. Such a power, if exercisable during life, must be fully exercisable at any time during life, or, if exercisable by will, must be fully exercisable irrespective of the time of her death (subject in either case to the provisions of section 81.-47b(d), relating to interests conditioned on survival for a limited period); or

"(c) A combination of the powers described under subdivisions (a) and (b) of this subdivision. For example, the surviving spouse may, until she attains the age of 50 years, have a power to appoint to herself and thereafter have a power to appoint to her estate. However, the condition that the spouse's power must be exercisable in all events is not satisfied unless irrespective of when the surviving spouse may die the entire interest or a specific portion of it will at the time of her death be subject to one power or the other (subject to the exception in section 81.47b (d), relating to interests contingent on survival for a limited period).

"(ii) The power of the surviving spouse must be a power to appoint the entire interest or a specific portion of it as unqualified owner (and free of the trust if a trust is involved, or free of the joint tenancy if a joint tenancy is involved) or to appoint the entire interest or a specific portion of it as a part of her estate (and free of the trust if a trust is involved), that is, in effect, to dispose of it to whomsoever she pleases. * * *

"(iii) A power is not considered to be a power exercisable by a surviving spouse alone and in all events as required by subparagraph (1) (iv) of

from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

"(ii) The income payable to the surviving spouse must be payable

this paragraph if the exercise of the power in the surviving spouse to appoint the entire interest or a specific portion of it to herself or to her estate requires the joinder or consent of any other person. The power is not "exercisable in all events", if it can be terminated during the life of the surviving spouse by any event other than her complete exercise or release of it. Further, a power is not "exercisable in all events" if it may be exercised for a limited purpose only. For example, a power which is not exercisable in the event of the spouse's remarriage is not exercisable in all events. Likewise, if there are any restrictions, either by the terms of the instrument or under applicable local law, on the exercise of a power to consume property (whether or not held in trust) for the benefit of the spouse, the power is not exercisable in all events. Thus, if a power of invasion is exercisable only for the spouse's support, or only for her limited use, the power is not exercisable in all events. In order for a power of invasion to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by gift (whether or not she has power to dispose of it by will).

\* \* \* \* \*

"(iv) The power in the surviving spouse is exercisable in all events only if it exists immediately following the decedent's death. For example, if the power given to the surviving spouse is exercisable during life, but cannot be effectively exercised before distribution of the assets by the executor, the power is not exercisable in all events. Similarly, if the power is exercisable by will, but cannot be effectively exercised in the event the surviving spouse dies before distribution of the assets by the executor, the power is not exercisable in all events. However, an interest will not be disqualified by the mere fact that, in the event the power is exercised during administration of the estate, distribution of the property

annually or at more frequent intervals.

".(iii) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate.

"(iv) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events.

"(v) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse."

The regulations (Section 81.47a(c) (7) (ii) state that the power granted to the surviving spouse must be "a power to appoint the entire interest or a specific portion of it as unqualified owner * * or to appoint the entire interest or a specific portion of it as a part of her estate * * * that is, in effect, to dispose of it to whomsoever she pleases." It is explained in Section 81.47a(c) (7) (iii) that "in order for a power of invasion to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her life to use all or any part of the property subject to the power, and to dispose of it in any manner, including the power to dispose of it by gift (whether or not she has power to dispose of it by will)."

In the case here the testator devised to his wife a life estate in the two residences in question with power to sell them for the sole purpose of obtaining a new home which would relieve her of the

burden of maintenance and be more in accordance with her circumstances. In exercising the power of sale the surviving wife of the testator was directed to place all the proceeds realized therefrom in shares of stock of State Street Investment Corporation and then convert a sufficient amount of said stock into cash so as to provide the necessary funds with which to purchase the new home. Thus the power to dispose of the residences was for the limited purpose of providing housing for the testator's wife. She had no power to dispose of them by gift or as a part of her estate. Grace L. Vajen did not exercise the right to sell the residences. During the administration of the estate the administrators sold one of the residences and kept the proceeds received from the sale in a separate account. Testator's wife occupied the other residence as her home until her death in 1961.

■■ We must look to the terms of decedent's Will and the applicable state law in order to determine the nature of the interest in the two residences which passed to testator's wife. The federal revenue laws designate what interests or rights that have been created by a testator are subject to the estate tax. Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154 (1942); Morgan v. Commissioner, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585 (1940). This principle is applied in determining whether an interest devised by a testator to his wife qualifies for a marital deduction under the federal estate tax statute. Pipe's Estate v. Commissioner, 241 F.2d 210 (2nd Cir., 1957); Commissioner v. Ellis' Estate, 252 F.2d 109, 113 (3rd Cir., 1958).

to the appointee will be delayed for the period of administration. If the power is in existence at all times following the decedent's death, limitations of a formal nature will not disqualify an interest. Examples of formal limitations on a power exercisable during life are requirements that an exercise must be in a particular form, that it must be filed with a trustee during the spouse's life, that reasonable notice must be

given, or that reasonable intervals must elapse between successive partial exercises. Examples of formal limitations on a power exercisable by will are that it must be exercised by a will executed by the surviving spouse after the decedent's death or that exercise must be by specific reference to the power.

* * *"

■ The Will of the testator must be construed according to his intent and the language thereof must be interpreted so as to give effect to every expression rather than one that will render any of the expressions inoperative. Probate Code, 52 West's Annotated California Codes, Sections 101, 102.

■ The extent and nature of the power granted to the surviving spouse must be viewed as of the date of the death of the testator in order to determine whether the power is exercisable in all events. Shedd's Estate v. Commissioner, 237 F.2d 345 (9th Cir., 1956); Starrett v. Commissioner, 223 F.2d 163 (1st Cir., 1955); Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964).

■ Under California law, a person to whom the decedent has given an interest in property for life with the power to invade the corpus for a specific purpose may invade the corpus for that limited purpose even to the extent of entirely consuming it, but may not dispose of it by gift or will. King v. Hawley, 113 Cal. App.2d 534, 248 P.2d 491 (1952); Colburn v. Burlingame, 190 Cal. 697, 214 P. 226, 27 A.L.R. 1374 (1923); Adams v. Prather, 167 P. 534, 176 Cal. 33 (1917); Luscomb v. Fintzelberg, 123 P. 247, 162 C. 433 (1912); Hardy v. Mayhew, 110 P. 113, 158 C. 95 (1910); Cf. United States v. De Bonchamps, 278 F.2d 127 (9th Cir., 1960).

■ The crux of the issue in this case is whether Mrs. Vajen's power to invade the corpus was exercisable "in all events" as required by Section 812(e) (1) (F) in order for the estate to qualify for the marital deduction. The taxpayer urges that because testator's surviving spouse had the power to sell the two residences and use the proceeds to acquire fee simple title to a home, her power to invade the corpus was exercisable in all events. The statute clearly provides that the interest passing from the decedent shall qualify for the marital deduction "only if such power in the surviving spouse to appoint the * * * interest * * *,

whether exercisable by will or during life, is exercisable by such spouse alone and in all events." The statute does not indicate that the deduction shall apply to a property interest which might be obtained by the exercise of the powers given by the testator. The nature of the power must be determined as of the date of the death of testator. Shedd's Estate v. Commissioner, supra; Starrett v. Commissioner, supra; Jackson v. United States, supra. In Jackson, the Supreme Court approved a holding by this Court in Cunha's Estate, 279 F.2d 292 (9 Cir., 1960), that the date of death of the testator is the correct point of time from which to judge the nature of a widow's allowance for the purpose of deciding terminability and deductibility under Section 812(e) (1). The property interest which Mrs. Vajen might have obtained by exercising the power given her under the Will of the testator is not material to the issue of whether the power which she could exercise at the time of her husband's death was exercisable *in all events*. Under the terms of the Will her power to invade the corpus at the time of testator's death was limited, i. e., to sell the two residences and eventually obtain another home in fee simple. She could not dispose of the residences by Will or by gift. Paragraph (1) (F) of Section 812(e) clearly provides that the power granted to the surviving spouse must be to appoint the interest in property to herself or to her estate. Accordingly, Mrs. Vajen's power to invade the corpus was not exercisable in all events.

■ Appellees also claim that the interest given to Mrs. Vajen in the two residences by the Will of testator should qualify for the marital deduction because of Item 6 of the Will. In this Item the testator directed that the marital deduction of his wife should not be reduced by his debts, cost of administration, and state and federal estate taxes. Under Item 1d of the Will, testator's wife was given certain property outright which did qualify for the marital deduction. Even though the testator may have had

114

an intention that the interest devised to his wife in the two residences should qualify for the deduction it does not follow that under the law the deduction could be allowed. We are of the opinion that Item 6 of the Will furnishes no basis for a deduction where, as here, it is not allowable under the applicable law.

We conclude that the District Court erred deciding that the interest devised by the testator to his wife in the two residences qualified for the marital deduction.

Reversed.