Andrew ECKEL, etc.

v.

UNITED STATES of America.

No. 65 Civ. 253.

United States District Court
S. D. New York.

July 22, 1966.

Eckel & Knight, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York (Martin Paul Solomon, Asst. U. S. Atty., of counsel), for defendant.

RYAN, Chief Judge.

Defendant's motion for summary judgment dismissing the complaint is granted. The interest which passed to the decedent's widow under the will was a terminable interest which did not qualify for the marital deduction (Sec. 2056(b)(1), 26 U.S.C.)

The facts are not in dispute. Under Article Eighth of the will of decedent, his widow was given an interest in trust in the residue of his estate, out of which she was to receive all the income from the Trust "during her natural life or until she sooner remarries", at which time the Trust would terminate and the corpus would be disposed of as further provided. In the event of her remarriage, the widow was to receive one-half of the princi-

pal; in the event of her death prior to a remarriage, the entire principal was to go to decedent's children—none to the widow's estate. The widow did remarry and was vested with one-half of the corpus.

The Estate was disallowed the marital deduction on the interest which passed to the widow under the will. The assessment was paid under protest and this suit to recover payment followed.

Section 2056(b)(1) is clear in stating that an interest in property terminable upon the happening of a contingency— whether or not the contingency does in fact occur—does not qualify for the marital deduction. The contingency here was death or remarriage—either of which would terminate the life estate which passed to the widow upon decedent's death and which standing alone would clearly not qualify for the marital deduction under the literal wording of the statute.

But plaintiff argues that the provision in the will empowering the widow to receive a one-half interest in the principal of the trust by her own act of remarriage and the fact that she did so is tantamount to a power of appointment over the property in which she had a life estate, and thus qualifies for the marital deduction under subdivision (5) of Section 2056(b).

This subdivision provides that if an interest in property passes from the decedent to his surviving spouse and the spouse is entitled for life to all the income from the entire interest or all the income from a specific portion of the entire interest, with a power in her to appoint the entire interest or the specific portion, the interest which passes to her is a deductible interest, to the extent that it satisfies certain conditions, among which are the power to appoint the entire interest or the specific portion to either herself or her estate, and that the power be exercisable by her alone and (whether exercisable by will or during life) that it be exercisable in all events.

A power of appointment is a power to dispose of property by deed or will. In order to qualify the property passing under the will of the husband for the marital deduction, the power of appointment must be in existence at the time that the property which it would qualify for the deduction passes. This means that it must be absolute and unconditional, exercisable by the donee at any time after the death of the decedent—whether by way of deed or by will of the donee. This is the requirement that it be exercisable in all events.

Here the power was not in existence at the time of the death of the decedent and the passing of his estate to the widow. It might never have come into existence, conditioned as it was upon her remarriage. Until the happening of that far from certain event, there was no power of appointment passing to her under the will of decedent, which she could have exercised at any time. If it was to arise, it depended on two happenings—her survival after the trust estate passed to her and her remarriage. Moreover, the very nature of the condition, her marriage, makes it clear that the exercise of the power of appointment did not rest in her alone but depended on something to be done by another entering into marriage with her. That the testator contemplated and perhaps even anticipated his widow's remarriage and by her act the consequential conversion of what was a mere life estate into a vested fee of one-half of the corpus, is not relevant at all to determine what property passed to her upon his death. The qualification of property for estate tax purposes takes place at the time of death, not at the time of the assessment or payment of the tax.

The disallowance by the Collector of the marital deduction on the interest which passed to the widow upon the decedent's death was according to law.

Let judgment be submitted dismissing this suit with taxable costs; so ordered.