ESTATE OF VILDA S. LAURIN, DECEASED, DAVID J. LAURIN AND THE MUSKEGON BANK AND TRUST COMPANY, CO-TRUSTEES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Laurin v. Commissioner
Docket No. 826-76.
United States Tax Court
T.C. Memo 1979-145; 1979 Tax Ct. Memo LEXIS 376; 38 T.C.M. (CCH) 644; T.C.M. (RIA) 79145; April 16, 1979, Filed Fredric A. Sytsma, for the *377 petitioners. Judith M. Wall, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined a deficiency in the estate tax of the Estate of Vilda S. Laurin in the amount of $44,876.19. The issue is whether the estate is entitled to a marital deduction under section 2056, I.R.C. 1954, [1] for certain property passing to the decedent's surviving spouse pursuant to the terms of a trust agreement. The facts have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. Decedent Vilda S. Laurin died on July 2, 1973. Prior to his death, by agreement dated October 9, 1969, the decedent established a revocable inter vivos trust. Petitioners David J. Laurin and The Muskegon Bank and Trust Company are the trustees of the trust. When they filed their petitions, petitioner Laurin resided in North Muskegon, Michigan, and petitioner Bank maintained its principal place of business in Muskegon, *378 Michigan. The trustees timely filed a Federal estate tax return for the trust estate with the Internal Revenue Service Center in Cincinnati, Ohio. As stated above, the decedent created a revocable trust into which he transferred a substantial portion of his assets. He retained the right to income for life and gave the trustees the power to invade the corpus for his own benefit. At the settlor's death, the trust corpus was divided into two portions, a marital portion and a residual portion. The division was made pursuant to a marital deduction "equalization clause." The clause is designed to produce the lowest potential aggregate estate taxes on the estates of the decedent and his surviving spouse. It does this by allocating to the marital portion enough assets to equalize the value of the decedent's estate and his surviving spouse's estate (assuming she died immediately after the decedent), with the valuation made on the date of death and the alternate valuation date. The valuation that produces the lowest aggregate estate taxes is the one used to make the allocation. In this regard, the trust agreement provided as follows: ON SETTLOR'S DEATH - Upon the death of Settlor, *379 if his spouse survives him, corpus (including additions, but excluding property added to or allocated to a separate asset account for any reason) shall be divided into two portions, one of which shall be called the Marital Portion and the other of which shall be called the Residual Portion. (a)(1) There shall first be allocated to the Residual Portion any asset or the proceeds of any asset (or interest therein with respect to which the marital deduction would not be allowed if allocated to the Marital Portion. (2) Tangible personal property shall be allocated to the Marital Portion. (b)(1) There shall then be allocated to the Marital Portion that percentage interest in the balance of the assets constituting the trust estate which shall, when taken together with all other interests and property that shall have passed to Settlor's spouse under other provisions of this trust or otherwise, obtain for Settlor's estate a marital deduction which would result in the lowest Federal estate taxes in Settlor's estate and his spouse's estate, on the assumption Settlor's spouse died after him, but on the date of his death and that his spouse's estate were valued as of the date on (and in *380 the manner in) which Settlor's estate is valued for Federal estate tax purposes; Settlor's purpose is to equalize, insofar as possible, his and his spouse's estates for Federal estate tax purposes, based upon said assumptions. * * *
(c) There shall finally be allocated to the Residual Portion the remaining percentage interest in the balance of the assets constituting Settlor's estate. (d) The percentage interest of the Marital and Residual Portions shall be determined and fixed by using asset values for all such purposes as finally established for Federal estate tax purposes. In selecting a valuation date for the purpose of the Federal estate tax, Settlor directs Trustee to select the date which will result in the greatest tax benefit to Settlor's and his spouse's estates, regardless of the effect this selection may have on the amount provided by this Article for Settlor's spouse. Settlor also authorizes Trustee to make such elections as it shall deem proper including (without limitation intended) the election as to whether certain expenses shall be taken as deductions against estate tax or income tax, regardless of the effect on the pattern of allocation. The fixed *381 percentage of Settlor's estate allocated to each portion shall, for distribution purposes, be applied to the assets distributed valued at their fair market value at the time of distribution. (c) The Marital Portion shall be added to Settlor's spouse's individual trust hereunder; provided, that if said trust has been revoked, the Marital Portion shall be paid over to Settlor's spouse. Pursuant to the terms of the equalization clause, the trustees allocated $153,186.28 to the marital portion of the decedent's trust estate. This amount was then placed into a segregated marital trust, where it was to be held, administered, and distributed. The marital trust is a revocable inter vivos trust established by the decedent's spouse for her own benefit. The parties have stipulated that for purposes of the marital deduction, the distribution from the decedent's trust estate into the marital trust is equivalent to an outright bequest. The estate has deducted the amount allocated and distributed to the marital trust. Respondent disallowed the deduction. There is no dispute over the amount allocated. The only issue is whether the interest passing to the surviving spouse is a terminable interest *382 within the meaning of section 2056(b)(1). [2]
*383 The facts in this case are in all material respects identical to those in Estate of Smith v. Commissioner,66 T.C. 415 (1976), affd. per curiam 565 F.2d 455 (7th Cir. 1977). There we held in a Court reviewed opinion that the interest passing under a trust provision almost identical to the one quoted above was properly deducted under section 2056(a). Respondent had determined that the interest passing under the trust was a terminable interest, nondeductible as such under section 2056(b)(1). At trial he argued that because the trustee could not determine the amount to be allocated to the marital portion of the trust estate until one year after the decedent's death, the interest passing to the surviving spouse was conditional or contingent. That is also respondent's contention here. We have considered respondent's arguments carefully, but see no reason to reject our decision in Estate of Smith. It was decided recently and reviewed by the Court, and we believe it to be decided correctly. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as in effect for the taxable years in issue.↩
2. This case is a companion case to Estate of Fritz L. Meeske v. Commissioner, docket No. 9907-74. The parties in both cases are represented by the same counsel. The equalization clause at issue here is identical to the one at issue in Estate of Meeske. The other trust provisions, most notably those relating to the surviving spouse's interest in the marital trust, are different, however. The parties' briefs for each case, nevertheless, were identical. In Estate of Meeske and here, they thus argue about whether the interests passing to the surviving spouses qualify for deduction under section 2056(b)(5). Because of the discrepancies between the two trust agreements with respect to the marital trust, we found the parties' arguments on section 2056(b)(5) to be incongruous here. We therefore ordered additional briefs, pointing out to the parties that we were unable to find a general power of appointment in the decedent's spouse -- a prerequisite to qualification under section 2056(b)(5). In response to our order, the parties filed a stipulation that for purposes of the marital deduction, the distribution of the marital portion to the marital trust was equivalent to an outright bequest to the surviving spouse. In light of this stipulation, we believe that it is unnecessary for petitioners to establish that the interest passing satisfies the requirements of section 2056(b)(5). In any event, we fully discussed respondent's arguments on section 2056(b)(5) and rejected them in Estate of Meeske v. Commissioner,↩ 72 T.C.     (April 5, 1979).