ESTATE of Vilda S. LAURIN, Deceased, et al., Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

ESTATE of Fritz L. MEESKE, Deceased, et al., Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

Nos. 79–1606, 79–1615.

United States Court of Appeals, Sixth Circuit.

March 3, 1981.

M. Carr Ferguson, Gilbert Andrews, Gary R. Allen, Robert Bernstein, Tax Div., Appellate Section, Dept. of Justice, Jonathan Cohen, Lester Stein, John Cohen, Acting Chief Counsel, Internal Revenue Service, N. Jerold Cohen, Washington, D. C., for appellant.

Fredric A. Sytsma, Landman, Luyendyk, Latimer, Clink & Robb, Jon D. Vander-Ploeg, Muskegon, Mich., for Laurin's Estate.

I. John Snider II, Landman, Luyendyk, Latimer, Clink & Robb, Fredric A. Sytsma and Jon D. VanderPloeg, Muskegon, Mich., for Meeske's Estate.

Before MERRITT, BROWN and KENNEDY, Circuit Judges.

In these consolidated cases the Commissioner of the Internal Revenue Service appeals rulings by the Tax Court that decedents' estates were entitled to a marital deduction. The Tax Court's decision in *Meeske* is reported at 72 T.C. 73 (1979), and *Laurin* is reported at 38 T.C.M. 644 (1979).

The facts in the two cases are stipulated, and the operative facts are the same. Vilda Laurin established a revocable *inter vivos* trust on October 9, 1969, and died on July 2, 1973. Fritz Meeske established a revocable *inter vivos* trust on July 22, 1970, and died on August 22, 1970. Each trust provided that upon the settlor's death the trust corpus should be divided into a marital portion and a residual portion. The marital portion was designed to qualify for the marital deduction granted in I.R.C. § 2056, 26 U.S.C. § 2056.

Each trust contained an "equalization clause." The equalization clause allocated to the marital portion sufficient assets to equalize the value of the estates of the deceased and his spouse, in order to minimize the aggregate estate taxes a couple must pay under the graduated rate tax structure. The decedent's and survivor's estates were appraised both at the date of the decedent's death and at the alternate valuation date that was in force at decedent's death under I.R.C. § 2032, 26 U.S.C. § 2032. For purposes of the valuations the character of the assets that comprised the survivor's estate was fixed as of the date of decedent's death. The marital portion was then funded in accordance with the valuation that resulted in the lowest aggregate estate taxes for the decedent and his spouse.

Thus, the estates of Laurin and his wife were appraised as of the date of Laurin's death and again six months later, on January 2, 1974. The estate determined that the minimum aggregate tax would result if the marital portion was funded in accordance with the alternate valuation, and on this basis the estate claimed a marital deduction of $153,186.28. The estates of Meeske and his wife were appraised as of his death, and again one year later. The date-of-death valuation resulted in the lowest aggregate estate tax, on the basis of which the estate claimed a marital deduction of $258,855.26.

The Commissioner determined that under the equalization clause the marital interest was "terminable" within the meaning of § 2056(b)(1), and hence did not qualify for the marital deduction. The Tax Court upheld the marital deduction claimed by the taxpayer in each case.

The Commissioner observes that in certain circumstances the amount allocated to the marital portion under the equalization clause could be zero; for instance, where the survivor's estate is of greater value than the decedent's on both valuation dates, or the combined value of the two estates on one valuation date is less than the value of the survivor's on the other. He argues that because it cannot be determined at the date of decedent's death whether the surviving spouse will take anything, and because this uncertainty is not due solely to changes in the value of the *survivor's* estate, the survivor's interest in the marital portion is "terminable." The taxpayer responds that although the *value* of the survivor's interest might turn out to be zero, the interest in the marital portion itself vested as of the date of decedent's death. Thus, that interest is not terminable.

This identical issue was decided contrary to the Commissioner's position in *Estate of Smith v. Commissioner of Internal Revenue*, 66 T.C. 415 (1976), *aff'd* 565 F.2d 455 (7th Cir. 1977). We find persuasive the opinions of the Seventh Circuit and the Tax Court in *Smith*. Accordingly, we affirm the decision of the Tax Court on the basis of the reasoning contained therein.