110 T.C. No. 29


UNITED STATES TAX COURT


ESTATE OF DOROTHY M. WALSH, DECEASED,
CHARLES E. WALSH, PERSONAL REPRESENTATIVE, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15150-97.                    Filed June 15, 1998.

H and W formed a trust to hold their property during their lives. The trust agreement provided that the property would pass to two trusts (A and B) upon the death of the first spouse, and that the surviving spouse, while competent, was entitled during life to A's income and corpus. The trust agreement provided that, upon the death or incompetency of the surviving spouse, A's property would be distributed to the persons chosen by the surviving spouse, and, if no such persons were chosen, in six equal shares to the children of H and W. W died before H, and W's estate claimed the marital deduction with respect to the assets passing to A. B was funded with assets having an aggregate value of $600,000, and A was funded with the remaining assets.

Held: The incompetency provisions in the trust agreement take the property passing to A outside the requirements for the marital deduction; the surviving spouse's power of appointment is not exercisable by the surviving spouse alone and in all events, as is

required by sec. 2056(b)(5), I.R.C., and the regulations thereunder.

Thomas J. Shroyer, Robert B. Firing, Nicky R. Hay, and Steven Z. Kaplan,[1] for petitioner.

John C. Schmittdiel, for respondent.


OPINION


LARO, Judge:  This case was submitted to the Court without trial.  See Rule 122.  The Estate of Dorothy M. Walsh, Deceased, Charles E. Walsh, Personal Representative, petitioned the Court to redetermine respondent's determination of a $291,651 deficiency in Federal estate tax.  We must decide whether certain property is eligible for the marital deduction under section 2056(a).  We hold it is not.

Unless otherwise indicated, section references are to the applicable provisions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure. Decedent references are to Dorothy M. Walsh.  Estate references are to the decedent's estate.

## Background

All facts have been stipulated and are so found.  The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.  The decedent was a U.S.

---

[1] Mr. Kaplan, who prepared the subject petition, withdrew as counsel of record on Mar. 4, 1998.

citizen who resided in Ramsey County, Minnesota, when she died testate on July 30, 1993. Charles E. Walsh, her surviving spouse and the estate's personal representative, is a U.S. citizen who resided in St. Paul, Minnesota, when the petition was filed.

On October 30, 1992, Mr. Walsh and the decedent established a revocable trust named the Dorchar Trust Agreement (the Trust), and they transferred most of their assets to the Trust. Also on that date, the decedent executed her last will and testament, bequeathing to the Trust the residue of her estate.

Under the terms of the Trust agreement (the Agreement), each spouse could independently alter, amend, or revoke the Trust if competent, and both spouses served as cotrustees during their joint lives. Upon the incompetence or death of either spouse, the remaining spouse would serve as sole trustee until the need for a successor arose.

The Agreement also provided that, upon the death of the first spouse, the Trust's assets would be placed in Trust A and Trust B. After the payment of all expenses, Trust B would be funded with assets having an aggregate value of $600,000, and Trust A would be funded with the remaining assets. The Agreement provided:

> The Trustee shall try to allocate to TRUST A only property that will qualify for the marital deduction * * * [and] it is our intention that TRUST A shall qualify for the marital deduction under the federal estate tax provisions of the Internal Revenue Code in effect at the time of the death of the first one of us.

The provisions shall be so construed and questions pertaining to TRUST A shall be resolved accordingly.

With respect to the administration and distribution of the assets in Trust A, Article VII of the Agreement provided:

1. During the life of the surviving spouse who remains competent as set forth in Article XXIII[2] * * *

    a. The net income, beginning as of the date of the first to die, may be paid to said spouse in quarterly or other convenient installments during the life of said spouse.

    b. The Trustee may pay to said spouse or apply for the benefit of said spouse such amounts of principal as the Trustee deems necessary or advisable for the proper care, comfort, support, maintenance, and welfare of said spouse, including reasonable luxuries.

    c. Said spouse shall withdraw any amount or all of this Trust by written request to the Trustee.

---

[2] Article XXIII provides that: "Incompetency * * * simply means 'unable to handle ones [sic] affairs with adequate competence'". Article XXIII also provides that successor trustees are directed "to sign * * * [a form declaring the surviving spouse incompetent] if, in each Successor Trustee's complete discretion it will preserve the assets of this Trust." Article XXIII further provides that the surviving spouse, if incompetent, is "barred from receiving any of the benefits of this Trust."

d.    If said spouse should at any time be determined as incompetent * * *, said spouse shall take no benefits hereunder and this Trust shall be treated and distributed as if said spouse had died.

2.    After the death of the surviving spouse or after the incompetency of the surviving spouse * * *

a.    All property in TRUST A, including income, shall be distributed to such appointee or appointees in the manner and proportions as the surviving spouse may designate by Will expressly referring to this general power of appointment, including the power in said spouse to appoint all thereof to said spouse's estate, free of any Trust hereunder.  Such general power of appointment shall exist immediately upon the death of the first one of us to die and shall be exercisable by the surviving spouse exclusively and in all events.

b.    Any portion of TRUST A which is not effectively disposed of by the above provision shall be divided into six (6) equal shares so as to be disposed of in cash or property, in kind, as the Trustee deems best in the Trustee's complete

                        discretion as * * * [a
                        distribution to or in
                        trust for the settlors'
                        children].

Mr. Walsh has not executed the power of appointment mentioned in
the Agreement, and neither his will nor the decedent's will
provided for the exercise of this power.

The decedent's Federal estate tax return reported a gross
estate of $1,533,805, deductions of $933,805, a taxable estate of
$600,000, and no tax liability.  The reported deductions included
funeral and administrative expenses of $13,198 and a marital
deduction of $920,607.  The estate claimed the marital deduction
with respect to the assets passing to Trust A under the
Agreement.

## Discussion

We must decide whether the property passing to Trust A
qualifies for the marital deduction under section 2056.  Section
2056 provides in part:

SEC. 2056.  BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) Allowance of Marital Deduction.--* * * the
value of the taxable estate shall, except as limited by
subsection (b), be determined by deducting from the
value of the gross estate an amount equal to the value
of any interest in property which passes or has passed
from the decedent to his surviving spouse, but only to
the extent that such interest is included in
determining the value of the gross estate.

(b) Limitation in the Case of Life Estate or Other
Terminable Interest.--

(1) General rule.--Where, on the lapse
of time, on the occurrence of an event or

contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—-

   (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

   (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—-

   *    *    *    *    *    *    *

   (5) Life estate with power of appointment in surviving spouse.--In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

   (A) the interest or such portion thereof so passing shall,

for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

Respondent determined and argues that the property passing to Trust A does not qualify for the marital deduction because the property is a terminable interest. Respondent reaches this result mainly because, in respondent's view, the Agreement revokes the surviving spouses's right to receive income from the Trust, or to appoint the Trust's property, upon incompetency. The estate argues primarily that the property is not a terminable interest because the surviving spouse has a general power of appointment over the Trust's assets that allows the surviving spouse to dispose of these assets any time before the Trust terminates on account of the surviving spouse's death or incompetency. The estate asserts that the Agreement states clearly that the intent of the Trust's settlors was to qualify Trust A for the marital deduction. If the property is a terminable interest, the estate argues alternatively, the decedent's estate tax liability must be computed as if no completed gift of property was made to the Trust before the

decedent died.[3]  The estate asserts that the Trust fails because its settlors never relinquished control over the property transferred to it.  The estate asserts that the Trust is revoked if the settlors' intent to qualify Trust A for the marital deduction is thwarted.

We agree with respondent that the property passing to Trust A does not qualify for the marital deduction.  Property interests included in a decedent's gross estate generally meet a threshold requirement for the marital deduction if the interests pass to the decedent's surviving spouse.  Sec. 2056(a).  An interest will not qualify for this deduction, however, if it is terminable within the meaning of section 2056(b).  Jackson v. United States, 376 U.S. 503, 508 (1964) (citing Starrett v. Commissioner, 223 F.2d 163 (1st Cir. 1955), affg. Estate of Tingley v. Commissioner, 22 T.C. 402 (1954)); Hansen v. Vinal, 413 F.2d 882, 886 (8th Cir. 1969); Allen v. United States, 359 F.2d 151, 154 (2d Cir. 1966); United States v. First Natl. Trust & Sav. Bank, 335 F.2d 107, 113 (9th Cir. 1964); Bookwalter v. Lamar, 323 F.2d 664 (8th Cir. 1963).  An interest is terminable if:  (1) It will terminate or fail on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, (2) it passes for less than adequate and full consideration from the decedent to a

---

[3] The estate requests that it be allowed to recompute its Federal estate tax liability by reference to only those assets in the Trust which the decedent had contributed to the Trust.

person other than the surviving spouse or his or her estate, and (3) the person to whom the interest passes may possess or enjoy any part of the property after the interest passing to the surviving spouse terminates or fails. Sec. 2056(b)(1); Estate of Abely v. Commissioner, 60 T.C. 120, 122 (1973), affd. 489 F.2d 1327 (1st Cir. 1974); see also Estate of Cunha v. Commissioner, 279 F.2d 292, 296 (9th Cir. 1960), affg. 30 T.C. 812 (1958).

An interest is usually not terminable when the surviving spouse receives a life estate and a general power of appointment over it. Sec. 2056(b)(5); Estate of Meeske v. Commissioner, 72 T.C. 73, 77 (1979), affd. sub nom. Estate of Laurin v. Commissioner, 645 F.2d 8 (6th Cir. 1981). An interest passing from a decedent to his or her surviving spouse may qualify for the marital deduction when the surviving spouse: (1) Is entitled for life to all income from that interest, payable at least annually and (2) has a general power of appointment over the interest which is exercisable in all events by the surviving spouse alone, either by will or during life. Estate of Meeske v. Commissioner, supra at 77; see sec. 20.2056(b)-5(a), Estate Tax Regs. A spouse has the right to income for life if, under the terms of the trust, the spouse has a right, exercisable at least annually, to receive distributions of income, or the income must be accumulated and added to corpus over which the spouse has a power of appointment. Sec. 20.2056(b)-5(f)(8), Estate Tax Regs. A surviving spouse does not have the right to all income if: (1) The income must be accumulated, in whole or in part, or may

be accumulated in the discretion of any person other than the surviving spouse, or (2) the consent of any person other than the surviving spouse is required to distribute the income. Sec. 20.2056(b)-5(f)(7), Estate Tax Regs. The power of appointment, if exercisable during life, must be fully exercisable during life. If exercisable by will, the power must be fully exercisable regardless of the time of death. A power of appointment is not exercisable in all events if it may terminate during the life of the surviving spouse without his or her complete exercise or release of it. Sec. 20.2056(b)-5(g)(3), Estate Tax Regs.

The incompetency provisions in Article VII of the Agreement take the property passing to Trust A outside the statutory and regulatory requirements for the marital deduction. In Estate of Tingley v. Commissioner, 22 T.C. 402 (1954), the surviving spouse received an income interest and an inter vivos right to withdraw corpus. Under the terms of the trust, this right terminated upon the surviving spouse's legal incapacity or upon the appointment of a guardian; upon legal incapacity or the appointment of a guardian, the trustee was given the discretion to use and apply this part of the net income and corpus for the surviving spouse's benefit. The Court in Estate of Tingley held that the estate was not entitled to the marital deduction mainly because the income interest and power of appointment were outside the scope of the predecessor to section 2056(b)(5). This was so even though the

surviving spouse could invade corpus and actually did so shortly after the decedent died.  The Court noted that the surviving spouse could not invade corpus in all events because the trust would terminate that right upon legal incapacity or upon the appointment of a guardian.  The Court noted that the surviving spouse's right to receive income would terminate at the same time.

The estate argues that the facts of Estate of Tingley are distinguishable from the facts at hand.  The estate contends that the power of appointment in Estate of Tingley, which terminated upon the surviving spouse's legal incapacity or the appointment of a guardian, is different from the power of appointment in this case, which, the estate asserts, is activated by incompetency.  The estate claims that the surviving spouse in Estate of Tingley could lose the power to appoint the property for reasons other than legal incapacity, whereas the Agreement here terminates the Trust only on death or incompetency.  The estate concludes that these differences in fact warrant a result in the instant case different from the result in Estate of Tingley.

We disagree with the estate that Estate of Tingley is inapposite to our decision herein.  Although there may be differences between the facts of Estate of Tingley and the facts of this case,[4] the critical fact that appears in both cases is

---

[4] We do not agree with the estate that one of these
(continued...)

that the surviving spouse could lose power over the corpus upon the happening of a contingent event; namely, incompetency (in the instant case) and incapacity or the appointment of a guardian (in the case of Estate of Tingley).  In Estate of Tingley, the surviving spouse would lose any power over the corpus if the contingent event occurred before the surviving spouse withdrew the corpus.  Although the surviving spouse in Estate of Tingley did actually withdraw the corpus before the happening of this contingent event, the Court held that, when viewed at the time of the decedent's death, the surviving spouse's power was not exercisable in all events.  Estate of Tingley v. Commissioner, 22 T.C. at 404, 406.[5]  The same is true here.  When viewed at the time of the decedent's death, the surviving spouse would lose

_____

[4](...continued)
differences concerns the contingent events that would cause the surviving spouse in each case to lose his or her power to appoint the property.  We read the definition of "incompetency" as set forth in Article XXIII of the Agreement to be essentially similar to the conditions in Estate of Tingley v. Commissioner, 22 T.C. 402 (1954), affd. sub nom. Starrett v. Commissioner, 223 F.2d 163 (1st Cir. 1955), that would have caused the surviving spouse there to have lost the right to appoint the property.

[5] In affirming our decision, the Court of Appeals for the First Circuit stated:

     We agree with the Tax Court that the marital deduction was properly disallowed in this case, because the power in the surviving spouse to invade the corpus was not exercisable by her "in all events", in view of the terminating condition, as specified in the will, "in case of her legal incapacity from any cause or upon the appointment of a guardian, conservator, or other custodian of her person or estate".  [Starrett v. Commissioner, 223 F.2d at 166-167.]

power over the corpus if the contingent event occurred before the surviving spouse either withdrew the corpus or provided in his will for the corpus' disposition.  Given this possible loss of power, we are unable to conclude that the surviving spouse's power of appointment was exercisable by the surviving spouse alone, see sec. 20.2056(b)-5(g)(1), Estate Tax Regs., and that it was exercisable by the surviving spouse in all events, see sec. 20.2056(b)-5(g)(3), Estate Tax Regs.;[6] see also S. Rept. 1013, 80th Cong., 2d Sess. 17 (1948), 1948-1 C.B. 285, 343 ("An example of a power which * * * [is not exercisable alone and in all events] is a power which (unless sooner exercised or released) will terminate on * * * [a given date], or on the date of death of the surviving spouse, whichever occurs first.").[7]

Section 20.2056(b)-5(g)(1) and (3), Estate Tax Regs., provides:

> (g) Power of appointment in surviving spouse.-- (1) The conditions * * * that the surviving spouse must have a power of appointment exercisable in favor of herself or her estate and exercisable alone and in all events, are not met unless the power of the surviving spouse to appoint the entire interest or a specific portion of it falls within one of the following categories:

---

[6] We are also unable to conclude that the Trust meets the requirements of sec. 2056(b)(5) in that the Agreement provides that the surviving spouse is not entitled to any trust income upon incompetency.

[7] This report accompanied H.R. 4790, 80th Cong., 2d Sess. (1948), which was enacted as the Revenue Act of 1948, ch. 168, 62 Stat. 110.  Sec. 2056(b) had its origin in sec. 361 of the Revenue Act of 1948, 62 Stat. 117.

(i) A power so to appoint fully exercisable in her own favor at any time following the decedent's death (as, for example, an unlimited power to invade); or

(ii) A power so to appoint exercisable in favor of her estate.  Such a power, if exercisable during life, must be fully exercisable at any time during life, or, if exercisable by will, must be fully exercisable irrespective of the time of her death * * *; or

(iii) A combination of the powers described under subparagraphs (i) and (ii) of this subparagraph. * * *  However, the condition that the spouse's power must be exercisable in all events is not satisfied unless irrespective of when the surviving spouse may die the entire interest or a specific portion of it will at the time of her death be subject to one power or the other * * *.

*     *     *     *     *     *     *

(3) A power is not considered to be a power exercisable by a surviving spouse alone and in all events * * * if the exercise of the power in the surviving spouse to appoint the entire interest or a specific portion of it to herself or to her estate requires the joinder or consent of any other person. The power is not "exercisable in all events", if it can be terminated during the life of the surviving spouse by any event other than her complete exercise or release of it. * * *

From this text, we discern that the surviving spouse must have the ability during life to exercise or release the power of appointment in all events.  A power of appointment that may terminate upon the happening of an event does not meet this requirement, unless the event is the voluntary exercise or release of the power by the surviving spouse.  See Eckel v.

United States, 259 F. Supp. 184 (S.D.N.Y. 1966) (surviving spouse not entitled to income for life when spouse's right to income is terminated upon remarriage); see also Starrett v. Commissioner, 223 F.2d at 166. A power of appointment that lapses on the happening of a contingent event such as incompetency is outside the reach of section 2056(b)(5). This is especially true in the instant case where applicable State law requires that an exercise or release of a power of appointment must adhere to the same formalities as those that must be followed to create a power of appointment or to transfer property in general, e.g., by a written instrument. Minn. Stat. Ann. sec. 502.64, 502.79 Subd. 2 (West 1990).

We also disagree with the estate's alternative argument. The estate has set forth no good reason why we should disregard the validity of the Trust, and we decline to do so. Although the estate states correctly that we must (and do) interpret the language of the Agreement in accordance with the settlors' intent, see, e.g., In re Trust Created Under Agreement with McLaughlin, 361 N.W.2d 43, 44 (Minn. 1985), the mere fact that the settlors meant for Trust A to qualify for the marital deduction does not mean that it does so qualify, United States v. First Natl. Trust & Sav. Bank, 335 F.2d at 113-114. In order for the estate to avail itself of the marital deduction, the Trust must fall within the statutory and regulatory requirements for that deduction. Id. As discussed above, it does not.

We note that the Trust serves more than just the settlors' stated intent to avail themselves of the marital deduction. The Agreement indicates that a principal purpose for the Trust was to provide subsistence for the surviving spouse during his or her competency and, thereafter, to allow the spouse to qualify for medical assistance at minimal family expense. The Agreement states that the Trust's assets shall be distributed to the settlors' children upon the surviving spouse's incompetency, or, in other words, when the surviving spouse may potentially incur increased medical expenses for physician care and/or the need for a nursing home. Because the Trust's assets would be outside the Trust, they would not be counted as an asset of the surviving spouse for purposes of ascertaining the amount that he or she would have to pay for these expenses. Thus, more of the settlors' assets would pass to the settlors' children.

For the foregoing reasons, we sustain respondent's disallowance of the estate's marital deduction. In so doing, we have considered all arguments made by the parties, and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect respondent's concessions,

Decision will be entered
under Rule 155.